COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, Beales and O'Brien
Argued at Lexington, Virginia

COMMONWEALTH OF VIRGINIA

OPINION BY
v.        Record No. 0458-17-3           JUDGE WILLIAM G. PETTY
OCTOBER 24, 2017

SHAWN LYNN BOTKIN

FROM THE CIRCUIT COURT OF SCOTT COUNTY
Jeffrey S. Hamilton, Judge

Stephen L. Forster, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellant.

Helen E. Phillips (Phillips & Thomas Law, PLLC, on brief), for
appellee.

Pursuant to Code § 19.2-398(C),[1] the Commonwealth appeals the sentence the trial court

imposed upon Shawn Lynn Botkin after he pled guilty to two counts of possession of a firearm

by a convicted nonviolent felon, in violation of Code § 18.2-308.2(A).  The Commonwealth

contends that the trial court erred in running the sentences for Botkin's two convictions

concurrently when by statute the trial court was mandated to run the sentences consecutively.

We agree with the Commonwealth.  We reverse the trial court insofar as it imposed a concurrent

sentence, vacate that portion of the sentence, and remand for sentencing consistent with this

opinion.

---

[1] Code § 19.2-398(C) permits an appeal by the Commonwealth "after conviction where
the sentence imposed by the circuit court is contrary to mandatory sentencing or restitution terms
required by statute."

Botkin pled guilty to two counts of possession of a firearm by a nonviolent felon, in violation of Code § 18.2-308.2(A). Code § 18.2-308.2(A) requires,

> Any person who violates this section shall be guilty of a Class 6 felony. However, any person who violates this section by knowingly and intentionally possessing or transporting any firearm and who was previously convicted of a violent felony as defined in § 17.1-805 shall be sentenced to a mandatory minimum term of imprisonment of five years. Any person who violates this section by knowingly and intentionally possessing or transporting any firearm and who was previously convicted of any other felony within the prior 10 years shall be sentenced to a mandatory minimum term of imprisonment of two years. The mandatory minimum terms of imprisonment prescribed for violations of this section *shall be served consecutively with any other sentence*.

(Emphasis added).

The trial court sentenced Botkin to five years for each conviction and suspended three years of each sentence. Botkin was thereby left with two active sentences of two years each in accordance with the mandatory minimums required by Code § 18.2-308.2(A). Botkin requested that the two sentences run concurrently, suggesting that the language of the statute would allow for that disposition. The Commonwealth argued that the language of the statute requires the two mandatory minimum sentences to run consecutively. The trial court ordered the two sentences to run "concurrent to each other"; the Commonwealth appealed.

ANALYSIS

The issue before this Court is a question of statutory interpretation, which we review *de novo*. Brown v. Commonwealth, 284 Va. 538, 542, 733 S.E.2d 638, 640 (2012).

The primary rule of statutory construction is quite clear. "When a statute is unambiguous, we must apply the plain meaning of that language." Altizer v. Commonwealth, 63

---

[2] Because the facts of the offenses are not relevant to this analysis, we do not need to recite them.

Va. App. 317, 323, 757 S.E.2d 565, 568 (2014) (quoting Brown v. Lukhard, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985)). "If . . . the intention of the legislature is perfectly clear from the language used, rules of construction are not to be applied. We are not allowed to construe that which has no need of construction." Temple v. City of Petersburg, 182 Va. 418, 422-23, 29 S.E.2d 357, 358 (1944). "In such circumstances, a court may look only to the words of the statute to determine its meaning. The intention of the legislature must be determined from those words, unless a literal construction would result in a manifest absurdity." Hubbard v. Henrico Ltd. P'ship, 255 Va. 335, 339, 497 S.E.2d 335, 337 (1998). "[W]e will not apply 'an unreasonably restrictive interpretation of the statute' that would subvert the legislative intent expressed therein." Armstrong v. Commonwealth, 263 Va. 573, 581, 562 S.E.2d 139, 144 (2002) (quoting Ansell v. Commonwealth, 219 Va. 759, 761, 250 S.E.2d 760, 761 (1979)). Furthermore, "when one statute speaks to a subject in a general way and another deals with a part of the same subject in a more specific manner, the two should be harmonized, if possible, and where they conflict, the latter prevails." Barr v. Town & Country Props., Inc., 240 Va. 292, 294-95, 396 S.E.2d 672, 674 (1990) (quoting Va. Nat. Bank v. Harris, 220 Va. 336, 340, 257 S.E.2d 867, 870 (1979)).

Botkin argues the trial court did not err in ordering the sentences to run concurrently because the trial court correctly relied on the discretion granted to it by Code § 19.2-308. Code § 19.2-308 states, "When any person is convicted of two or more offenses, and sentenced to confinement, such sentences shall not run concurrently, unless expressly ordered by the court." Botkin argues that the statutory language "does not preclude the concurrent sentences for two violations of [Code] § 18.2-308.2(A)" to run concurrently if "expressly ordered by the court," as in this case.

We disagree. Multiple sentences are presumed to be served consecutively. See Code § 19.2-308. While the trial court has the discretion pursuant to Code § 19.2-308 to order multiple sentences to run concurrently, "this discretionary exercise of authority may be, and has been proscribed by the General Assembly when it has directed that sentences for certain crimes may not be run concurrently." Brown, 284 Va. at 542, 733 S.E.2d at 640; see, e.g., Code § 18.2-53.1 (requiring sentence for use or display of firearm in committing felony to run consecutively with sentence for primary felony); Code § 18.2-255.2(B) (requiring "mandatory minimum term of imprisonment of one year to be served consecutively with any other sentence"); Code § 18.2-308.1(C) (requiring "mandatory minimum term of imprisonment of five years to be served consecutively with any other sentence").

The General Assembly created two potential mandatory minimum terms of imprisonment in Code § 18.2-308.2(A), one for those previously convicted of a violent felony as defined in Code § 17.1-805 and one for those previously convicted of "any other felony within the prior 10 years." The General Assembly has directed that these "mandatory minimum terms of imprisonment prescribed for violations of [Code § 18.2-308.2] shall be served consecutively with any other sentence." The word "any" in the statute unambiguously includes *any* other sentence, including another sentence under the same code section. The specific language of Code § 18.2-308.2 limits the circuit court's general discretionary authority under Code § 19.2-308. The General Assembly intended that the penalty for a violation of Code § 18.2-308.2 not be diluted by running any of that time concurrently with *any* other sentence. Botkin invites us to interpret Code § 18.2-308.2 as meaning that these "mandatory minimum terms of imprisonment prescribed for violations of this section shall be served consecutively with any other sentence" *imposed for violations of any other code section.* However, we decline to add words to change the meaning of an unambiguous statute. See Appalachian Power Co. v. State Corp. Comm'n,

284 Va. 695, 706, 733 S.E.2d 250, 256 (2012).  Once the trial court found Botkin guilty of two counts of possession of a firearm, it was required to render a sentence that included two consecutive mandatory minimum terms of two years.  By running the sentences for two violations of Code § 18.2-308.2 concurrently, the trial court diluted the mandatory sentence required by the General Assembly.  This was error.

CONCLUSION

The language of Code § 18.2-308.2 is clear and unambiguous:  "[t]he mandatory minimum terms of imprisonment prescribed for violations of this section shall be served consecutively with any other sentence."  This plain language clearly expresses the General Assembly's intention that a sentence under Code § 18.2-308.2 must be served separately and apart from any other sentence imposed.  For this reason, the trial court erred in ordering that the sentences for Botkin's two convictions under Code § 18.2-308.2 run concurrently.  Accordingly, we reverse the judgment of the circuit court insofar as it imposes concurrent sentences, vacate the portion of the order that so provides, and remand for sentencing in conformity with this opinion.  See Graves v. Commonwealth, __ Va. __, __, __ S.E.2d __, __ (Oct. 12, 2017).

Reversed and remanded.