PRESENT:  Lemons, C.J., Goodwyn, Mims, Powell, Kelsey and McCullough, JJ.; and
Millette, S.J.


SHAWN LYNN BOTKIN

OPINION BY
v.  Record No. 171555                                      JUSTICE S. BERNARD GOODWYN
                                                                November 1, 2018
COMMONWEALTH OF VIRGINIA


FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal of a judgment from the Court of Appeals, we consider whether the Court of

Appeals erred when it held that multiple mandatory minimum terms of imprisonment, imposed

for multiple convictions under Code § 18.2-308.2(A), are required to be served consecutively.

BACKGROUND

On August 1, 2016, Botkin was indicted by a grand jury of the Circuit Court of Scott

County, for two counts of possession of a firearm within ten years of having been convicted of a

felony, in violation of Code § 18.2-308.2(A).  Botkin's possessions were alleged to have

occurred on two separate occasions in November 2015.  Botkin pled guilty to both charges and

the circuit court held a sentencing hearing.

During the sentencing hearing, the Commonwealth argued that under Code § 18.2-

308.2(A), each of Botkin's convictions was subject to a mandatory minimum sentence of two

years, and that each of those mandatory sentences was required to run consecutively with any

other sentence, including each other.  Botkin disagreed and argued that Code § 18.2-308.2(A)

allowed the two mandatory minimum sentences imposed under that statute to run concurrently

with each other.

On March 16, 2017, the circuit court entered an order sentencing Botkin to five years for each violation of Code § 18.2-308.2(A), with three years suspended on each sentence. The circuit court ordered that the sentences run concurrently.

The Commonwealth appealed the concurrent sentences to the Court of Appeals, which reversed the ruling of the circuit court. In a published opinion, *Commonwealth v. Botkin*, 68 Va. App. 177 (2017), the Court of Appeals held that

> the trial court erred in ordering that the sentences for Botkin's two convictions under Code § 18.2-308.2 run concurrently. Accordingly, we reverse the judgment of the circuit court insofar as it imposes concurrent sentences, vacate the portion of the order that so provides, and remand for sentencing in conformity with this opinion. *See Graves v. Commonwealth*, 294 Va. 196, 221 (2017).

*Id.* at 182.

Botkin appeals. This Court granted two assignments of error:

1. The Court of Appeals erred when it confined its interpretation of language in Virginia Code § 18.2-308.2(A) to the phrase "shall be served consecutively with any other sentence," instead of the entire sentence which reads, "The mandatory minimum term of imprisonment prescribed for violation of this section shall be served consecutively with any other sentence."

2. The Court of Appeals erred when it held this case should be remanded to the circuit court "for sentencing in conformity with [its] opinion," based on *Graves v. Commonwealth*, 294 Va. 196, 805 S.E.2d 226 (2017), because it is distinguishable from this case.

ANALYSIS

*1. Mandatory minimum terms under Code § 18.2-308.2(A)*

"Generally, circuit courts have the authority to exercise discretion to run sentences concurrently." *Brown v. Commonwealth*, 284 Va. 538, 542 (2012); *see* Code § 19.2-308 ("When any person is convicted of two or more offenses . . . such sentences shall not run concurrently, unless expressly ordered by the court."). "[T]his discretionary exercise of authority may be, and

2

has been proscribed by the General Assembly when it has directed that sentences for certain crimes may not be run concurrently." *Brown*, 284 Va. at 542. Botkin asserts that Code § 18.2-308.2(A) did not proscribe the circuit court's discretion to run his two sentences concurrently.

Under his first assignment of error, Botkin argues that the Court of Appeals erred because it "focus[ed] on only part of the language in the last sentence of Code § 18.2-308.2(A), instead of the entire sentence." He claims that when Code § 18.2-308.2(A) states that the mandatory minimums "for violations of this section" are to run "consecutively with any other sentence," the circuit court still has discretion to run sentences concurrently for multiple violations of Code § 18.2-308.2(A). In other words, he asserts that sentences for violations of Code § 18.2-308.2(A) need only be served consecutively with sentences for violations of other statutes. He argues that had the legislature intended multiple sentences for multiple violations of Code § 18.2-308.2(A) to run consecutively, it "could easily have stated that the mandatory minimum may not be run concurrently with any other sentence or with any other violation under 'this section.'"

The Commonwealth responds that the Court of Appeals did not err because Code § 18.2-308.2(A) "unambiguously requires that two mandatory minimum sentences be served consecutively."

Statutory interpretation presents a question of law that this Court reviews de novo. *Brown*, 284 Va. at 542. The primary purpose of statutory interpretation "is to ascertain and give effect to legislative intent." *Id.* (citation and internal quotation marks omitted). This Court determines legislative intent from the words employed in the statute. *Alger v. Commonwealth*, 267 Va. 255, 259 (2004).

3

"If language is clear and unambiguous, there is no need for construction by the court; the plain meaning and intent of the enactment will be given it. When an enactment is clear and unequivocal, general rules for construction of statutes do not apply." *Brown*, 284 Va. at 543 (alteration, citation, and internal quotation marks omitted). "While it is true that penal statutes must be strictly construed against the Commonwealth in criminal cases, we will not apply an unreasonably restrictive interpretation of the statute that would subvert the legislative intent expressed therein." *Alger*, 267 Va. at 259 (citation and internal quotation marks omitted). This Court will not "assign a construction that amounts to holding that the General Assembly did not mean what it actually has stated." *Id.* (citation and internal quotation marks omitted).

Under Code § 18.2-308.2(A), it is unlawful for a person with a felony conviction to possess a firearm:

> Any person who violates [Code § 18.2-308.2] by knowingly and intentionally possessing or transporting any firearm and who was previously convicted of any other felony within the prior 10 years shall be sentenced to a mandatory minimum term of imprisonment of two years. *The mandatory minimum terms of imprisonment prescribed for violations of this section shall be served consecutively with any other sentence.*

Code § 18.2-308.2(A) (emphasis added).

"Any" is defined, in part, as "one or some *indiscriminately* of *whatever kind*"; "one or more indiscriminately from all those of a kind"; or "one that is selected *without restriction or limitation of choice*." Webster's Third New International Dictionary 97 (2002) (emphases added). "The word 'any,' like other unrestrictive modifiers such as 'an' and 'all,' is generally considered to apply without limitation." *Sussex Cmty. Servs. Ass'n v. Virginia Soc'y for Mentally Retarded Children*, 251 Va. 240, 243 (1996).

In *Brown*, this Court interpreted the phrase "shall . . . run consecutively with, any punishment received for the commission of the primary felony," to mean that a mandatory

4

minimum term imposed pursuant to Code § 18.2-53.1 was required to be run consecutively with any sentence given for the primary felony, but could be run concurrently with any other sentence.[1] 284 Va. at 543. The relevant language of Code § 18.2-53.1 was distinguished from the phrase, "to be served consecutively with *any other sentence*," found in Code §§ 18.2-255.2(B) and 18.2-308.1. *Id.* at 544 (emphasis added). We noted that the phrase used in Code §§ 18.2-255.2(B) and 18.2-308.1 demonstrates instances in which "the General Assembly has directed that a mandatory minimum sentence not be run concurrently with any other punishment."[2] *Id.* (emphasis omitted). Because Code § 18.2-53.1 expressly limits its requirement that sentences run consecutively to sentences received for the primary felony, this Court concluded that multiple mandatory minimum sentences "imposed pursuant to Code § 18.2-53.1 may be run concurrently." *Id.* at 545.

In the case at bar, however, Code § 18.2-308.2(A) does not limit its requirement that sentences run consecutively. Unlike Code § 18.2-53.1, Code § 18.2-308.2(A)'s requirement that

---

[1] Code § 18.2-53.1 provides, in pertinent part,

> Violation of this section shall constitute a separate and distinct felony and any person found guilty thereof shall be sentenced to a mandatory minimum term of imprisonment of three years for a first conviction, and to a mandatory minimum term of five years for a second or subsequent conviction under the provisions of this section. Such punishment shall be separate and apart from, and *shall be made to run consecutively with, any punishment received for the commission of the primary felony*.

(Emphasis added.)

[2] Under Code § 18.2-255.2, which prohibits the sale or manufacture of drugs near certain properties, "[a] second or subsequent conviction hereunder . . . shall be punished by a mandatory minimum term of imprisonment of one year to be served consecutively with any other sentence." Code § 18.2-255.2(B). Similarly, under Code § 18.2-308.1, prohibiting the possession of a firearm on school property, the use or display of the weapon in a threatening manner is subject to "a mandatory minimum term of imprisonment of five years to be served consecutively with any other sentence." Code § 18.2-308.1(C).

5

mandatory minimum sentences be served consecutively applies, without limitation, to "any other sentence" imposed. The plain meaning of "any other sentence" is one or more remaining sentences, "without limitation or restriction," thereby including another mandatory minimum sentence received pursuant to Code § 18.2-308.2(A). In other words, "any" means "any."

To give the statute Botkin's preferred construction would require this Court to read "any other sentence" as "any other sentence, other than the mandatory minimums imposed under this Code section," and this Court cannot construe a statute to mean what it does not state. As we stated in *Brown*, "any other sentence" indicates a legislative intent that "a mandatory minimum sentence not be run concurrently with any other punishment." 284 Va. at 544 (emphasis omitted).

Because Code § 18.2-308.2(A) requires that mandatory minimum sentences run consecutively, and does not limit that requirement, the ruling of the Court of Appeals that the mandatory minimum sentences for Botkin's two convictions for violating Code § 18.2-308.2(A) must be served consecutively, is affirmed.

*2. Remand for new sentencing based on* Graves

Under his second assignment of error, Botkin argues the Court of Appeals erred when it "remanded this case to the circuit court to impose two consecutive sentences" based on *Graves*. He argues that *Graves* is distinguishable because that decision analyzed Code § 18.2-53.1, and not Code § 18.2-308.2(A), and found Code § 18.2-53.1 to be ambiguous and an anomaly. Botkin asks this Court to "reverse the decision of the Court of Appeals to remand this case to the circuit court 'pursuant to one of two mandatory minimum terms,'" and to affirm the circuit court's decision to run his sentences concurrently.

In 2009, this Court adopted the following rule of law to "ensure that all criminal defendants whose punishments have been fixed *in violation* of the prescribed statutory ranges are treated uniformly without any speculation":

> [A] sentence imposed in violation of a prescribed statutory range of punishment is void *ab initio* because the character of the judgment was not such as the [C]ourt had the power to render. Thus, a criminal defendant in that situation is entitled to a new sentencing hearing. This common law rule of jurisprudence will eliminate the need for courts to resort to speculation when determining how a jury would have sentenced a criminal defendant had the jury been properly instructed or had the jury properly followed correct instructions.

*Rawls v. Commonwealth*, 278 Va. 213, 221 (2009) (citations and internal quotation marks omitted) (second alteration in original). This rule likewise applies in bench trials where the sentence imposed exceeds statutory limits. *See Grafmuller v. Commonwealth*, 290 Va. 525, 529-30 (2015) (noting *Rawls*'s adoption of a new common law rule); *see also Burrell v. Commonwealth*, 283 Va. 474, 480 (2012) (holding that an *ultra vires* provision of the sentencing order rendered the entire sentence void *ab initio*, and remanding for resentencing because the Court "decline[d] to engage in speculation as to what would have happened had the parties and the court known that the court did not have the power to render part of [the] sentence").

Further, "[t]he authorities are unanimous in the view that a court may impose a valid sentence in substitution for one that is void, even though the execution of the void sentence has commenced." *Carter v. Commonwealth*, 199 Va. 466, 469-70 (1957) (citation and internal quotation marks omitted).

In *Graves*, upon determining that the defendant's sentence was void, we remanded the case "for entry of a new sentencing order." 294 Va. at 208. This Court recognized that under *Rawls*, a defendant is generally entitled to a new sentencing hearing when the sentence imposed violates the statutorily prescribed range of punishment. *Id.* Nonetheless, because the defendant

7

was convicted under Code § 18.2-53.1, pursuant to which "a three-year fixed term of confinement is the only sentence available," we found a new sentencing hearing unnecessary and remanded for a new sentencing order entered in conformity with the opinion. *Id.*

Here, however, Code § 18.2-308.2(A) does not prescribe a fixed term of confinement. Because the circuit court imposed sentences that were "in violation of [the] prescribed statutory range" when it ordered Botkin's sentences be served concurrently instead of consecutively, the sentences were "not such as the [circuit court] had the power to render," and are void *ab initio*. *Rawls*, 278 Va. at 221. To avoid speculation as to how the circuit court would have sentenced Botkin had it correctly interpreted Code § 18.2-308.2(A), Botkin is entitled to a new sentencing hearing on both sentences upon remand.

CONCLUSION

The judgment of the Court of Appeals is affirmed as to its interpretation of Code § 18.2-308.2(A). Mandatory minimum terms of confinement ordered pursuant to Code § 18.2-308.2(A) must run consecutively with any other sentence, including other mandatory minimum terms ordered pursuant to Code § 18.2-308.2(A). Because Botkin's sentences were run concurrently, we will vacate those sentences and remand this case to the Court of Appeals with direction to remand to the Circuit Court of Scott County for resentencing consistent with this Court's opinion.

*Affirmed and remanded.*