COURT OF APPEALS OF VIRGINIA

Present: Judges Huff, Athey and White

UNPUBLISHED

ANGELA CAROL SUMMITT

v.      Record No. 0387-22-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
PER CURIAM
DECEMBER 13, 2022

FROM THE CIRCUIT COURT OF WASHINGTON COUNTY
Sage B. Johnson, Judge

(Kimberly C. Haugh, on brief), for appellant.

(Jason S. Miyares, Attorney General; William K. Hamilton, Assistant
Attorney General, on brief), for appellee.

Following her guilty plea, the trial court convicted Angela Carol Summitt of distribution of

methamphetamine and sentenced her to twenty years' imprisonment with twelve years suspended.[1]

On appeal, Summitt argues that the trial court abused its sentencing discretion. After examining the

briefs and record in this case, the panel unanimously holds that oral argument is unnecessary

because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). For the

following reasons, this Court affirms the trial court's judgment.

BACKGROUND

On appeal, we recite the facts "in the 'light most favorable' to the Commonwealth, the

prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022)

(quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). Doing so requires us to "discard the

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Summitt was also convicted of violating her probation; she does not challenge those convictions or their sentences on appeal.

evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

On February 12, 2021, Summitt completed a guilty plea questionnaire and entered a written plea agreement, whereby she agreed to plead guilty to distribution of a Schedule I/II controlled substance and acknowledged that the maximum penalty was forty years' imprisonment and a fine. In exchange for her guilty plea, the Commonwealth agreed not to object to the trial court deferring a finding of guilt and referring Summitt for consideration in the Washington County Drug Court Program. Based upon her guilty plea, the trial court convicted Summitt of distribution of methamphetamine.

At the sentencing hearing, Summitt's counsel told the trial court that Summitt was evaluated for participation in the Washington County Drug Court Program but had been deemed ineligible for participation. Summitt testified that she was incarcerated from March 6, 2019, through January 6, 2020, for charges out of Bristol County, when she transferred to a Community Corrections Alternative Program (CCAP). Summitt testified that she failed a drug screen but still graduated from CCAP on February 23, 2020. Summitt made bond on this charge in October 2020, later turned herself in on January 19, 2021, after a capias was issued for a probation violation, and remained incarcerated until the sentencing hearing. Summitt acknowledged that the sentencing guidelines were high for her current charge because of an armed robbery conviction from 1990 or 1991, but stated that she had no other violent crime on her criminal record.

Summitt admitted that she had a substance abuse problem and needed help. She testified that she had been accepted into the twelve-month Recovery Soldiers Ministries program and wanted the trial court to allow her to attend. Summitt testified that the program was intense and included Bible study, strict conduct guidelines including when to use the restroom and speak, and no outside

contact with anyone except close family. Summitt stated that she thought the program would be good for her and she was willing and wanting to change.

Jill Howell testified that she worked for Pure Hope, a recovery program that worked with four regional jails and the Recovery Soldiers Ministries program. Howell stated that Recovery Soldiers was a very successful program and that Summitt would do well in the program because of her interest and desire to change and "do something different with her life." Howell testified that the program worked to find the root of addiction and heal "any kind of hurt." She explained that the participants get out in the community and bring hope to others, encourage one another, and work in a thrift store and garden. She also noted that the program had an 86% success rate but did not know the percentage of participants who returned to addiction.

The Commonwealth acknowledged Summitt's successful completion of the CCAP program. The Commonwealth indicated that it did not know a lot about the Recovering Soldiers program and that Summitt was still incarcerated for charges out of Bristol County. The Commonwealth did not argue for a specific sentence, instead leaving sentencing in the discretion of the trial court.

Summitt argued that the sentencing guidelines were high because of her thirty-year-old robbery conviction. Summitt acknowledged that she had been incarcerated for most of the prior three years because of probation violation and other charges but emphasized that she completed the CCAP program. Summitt argued that the presentence report and her testimony indicated that she had "rehabilitation potential" and requested that the trial court consider the Recovering Soldiers program as a solution to provide her with skills to maintain a drug and crime-free life.

After considering the evidence and argument by counsel, the trial court sentenced Summitt to twenty years' imprisonment with twelve years suspended. The trial court found that Summitt had multiple opportunities to rehabilitate herself but continued to make decisions that brought her back

to court.  The trial court noted Summitt's remorse but rejected the Recovering Soldiers program for her because of her criminal history.  The trial court required that Summitt undergo a substance abuse evaluation and receive treatment as part of the conditions of her probation after release.  Summitt asked whether the trial court would consider running her sentence concurrently with her other sentences.  The trial court denied that request, finding that Summitt "need[ed] to be answering for the actions that [she took] on both of the events for which [she was] being sentenced."  Summitt appeals.

ANALYSIS

Summitt argues that the trial court abused its sentencing discretion when it sentenced her to twenty years' imprisonment with twelve years suspended, and when it refused to allow the sentence to run concurrently with another.  Summitt asserts that the trial court failed to give proper consideration and credit to significant mitigating circumstances.

"We review the trial court's sentence for abuse of discretion."  *Scott v. Commonwealth*, 58 Va. App. 35, 46 (2011).  "[W]hen a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion."  *Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Alston v. Commonwealth*, 274 Va. 759, 771-72 (2007)).  "[O]nce it is determined that a sentence is within the limitations set forth in the statute under which it is imposed, appellate review is at an end."  *Thomason v. Commonwealth*, 69 Va. App. 89, 99 (2018) (quoting *Du*, 292 Va. at 565).  Here, Summitt's sentence was within the sentencing range set by the legislature.  *See* Code § 18.2-248.

Additionally, it was within the trial court's purview to weigh Summitt's mitigating evidence.  *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000).  "Criminal sentencing decisions are among the most difficult judgment calls trial judges face."  *Du*, 292 Va. at 563.  "Because this task is so difficult, it must rest heavily on judges closest to the facts of the case—

those hearing and seeing the witnesses, taking into account their verbal and nonverbal communication, and placing all of it in the context of the entire case." *Id.* When Summitt pleaded guilty, she acknowledged that she faced a maximum sentence of forty years' imprisonment. The record demonstrates that the trial court considered Summitt's mitigating evidence and circumstances, including that Summitt pleaded guilty to the charge and accepted responsibility for her actions, that she had successfully completed the CCAP program, and that she had been accepted into the Recovery Soldiers program. Balanced against those circumstances, however, was Summitt's criminal history. The trial court noted that Summitt had multiple opportunities to rehabilitate herself but had not yet done so. After considering all the circumstances, the trial court imposed the sentence that it deemed appropriate. Because that sentence was "within the statutory range, . . . our task is complete." *Thomason*, 69 Va. App. at 99.

To the extent that Summitt argues that her sentence was disproportionate, the Court declines to engage in a proportionality review in cases that do not involve life sentences without the possibility of parole. *Cole v. Commonwealth*, 58 Va. App. 642, 654 (2011). We noted in Cole that the Supreme Court of the United States "has never found a non-life 'sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment' in violation of the Eighth Amendment." *Id.* at 653 (quoting *Hutto v. Davis*, 454 U.S. 370, 372 (1982) (per curiam)). *Cf. Vasquez v. Commonwealth*, 291 Va. 232, 243 (2016) (rejecting Eighth Amendment challenge to 133-year active sentence because the sentence was imposed for "eighteen separate crimes"). Thus, we decline to conduct a proportionality review in this case. *Id.*

Finally, Summitt argues that the trial court abused its discretion by not allowing her sentence to run concurrently with another sentence that she was serving. The trial court denied

her request, explaining that she needed "to be answering for the actions that [she made] on both of the events for which [she was] being sentenced." Multiple sentences are presumed to run consecutively unless the trial court, in the exercise of its discretion, orders them to run concurrently under Code § 19.2-308. *Commonwealth v. Botkin*, 68 Va. App. 177, 180 (2017). Other than citing mitigating evidence, Summitt provides no argument for why the trial court should have run her sentence concurrently with her other sentence, and the record contains nothing revealing that the trial court abused its discretion by failing to do so.

## CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed.*