COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, AtLee and Raphael
Argued at Williamsburg, Virginia

ELWOOD SAUNDERS GREGORY

v.     Record No. 0134-22-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE RICHARD Y. ATLEE, JR.
MARCH 21, 2023

FROM THE CIRCUIT COURT OF MATHEWS COUNTY
Jeffrey W. Shaw, Judge

Charles E. Haden for appellant.

Lindsay M. Brooker, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Appellant Elwood Saunders Gregory pleaded guilty to issuing bad checks, in violation of

Code § 18.2-181.1. The circuit court sentenced him to two years' imprisonment. On appeal,

Gregory challenges the voluntariness of his guilty plea and argues that the circuit court abused its

sentencing discretion. For the following reasons, we affirm the circuit court's judgment.

I. BACKGROUND[1]

On appeal, we recite the facts "in the 'light most favorable' to the Commonwealth, the

prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022)

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413.

[1] The joint appendix in this case is sealed. As there is no electronic record, and the paper record has been sent to the Supreme Court, the joint appendix serves as the record for purposes of this appeal. Resolving the issues presented necessitates unsealing relevant portions of that record. Consequently, "[t]o the extent that this opinion mentions facts found in the sealed record, we unseal only those specific facts, finding them relevant to the decision in this case. The remainder of the previously sealed record remains sealed." *Levick v. MacDougall*, 294 Va. 283, 288 n.1 (2017).

(quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)).  Doing so "requires us to 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'" *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

Before accepting Gregory's plea, the circuit court conducted a colloquy with him to ensure that it was entered freely and voluntarily.  During the colloquy, Gregory stated that he fully understood the charge against him and what the Commonwealth would need to prove to convict him.  Gregory also confirmed that he had consulted with his attorney and discussed possible defenses.  Gregory assured the circuit court that he did not have any mental or physical impairment that prevented him from understanding the proceedings.  Gregory understood that by pleading guilty he was waiving his rights to a trial by jury, to remain silent, to confront the Commonwealth's witnesses, and to appeal certain decisions of the court.  Gregory also understood that the maximum punishment for the charge was five years' incarceration and that the circuit court was not bound by the discretionary sentencing guidelines.  Gregory confirmed that no one had forced or threatened him to enter his plea or made promises in exchange for the plea.  When offered the opportunity to ask "any questions" of the circuit court, he had none.

The Commonwealth proffered that between February 22, 2020, and February 25, 2020, Gregory ordered parts from an auto parts store in Gloucester and had the parts delivered to him in Mathews County.  At each delivery, Gregory issued checks from a closed account.  On February 22, 2020, Gregory issued two checks for $485.80 and $126.35.  On February 25, 2020, Gregory issued a check for $333.25.  Gregory was identified by each of the delivery drivers as the person who issued the checks.  When questioned by law enforcement, Gregory admitted that he knew the checks were drawn on a closed account, apologized, and requested that he be allowed to pay restitution.

The circuit court accepted Gregory's plea, finding that he entered it "freely, intelligently, and voluntarily." Based on his plea and the proffered evidence, the circuit court convicted Gregory for issuing bad checks and continued the case for sentencing. At the sentencing hearing, the Commonwealth emphasized Gregory's extensive criminal history, which included "fraud offenses," petit larceny, and "numerous" probation violations. The Commonwealth described Gregory as an "experienced criminal" who presented these checks as part of a common "scheme." Accordingly, the Commonwealth asked the circuit court to sentence Gregory at the "upper end" of, or above, the sentencing guidelines.[2]

Defense counsel countered that Gregory "completely confessed" to the offenses when police confronted him and accepted responsibility by pleading guilty. Counsel asserted that Gregory had a job waiting for him upon release, which would allow him to pay restitution. In allocution, Gregory apologized for his offenses. He claimed he was in a difficult position and admitted that he should not have taken advantage of his victims. He stated that he was "HIV positive" and at "serious risk of death" from COVID-19. His sixty-six-year-old mother was in "fragile health" and depended on Gregory for help. Finally, he asserted that his offenses had caused financial difficulties for himself and his family and asked the court to "hear [his] plea for leniency and sentence accordingly."

After considering the evidence and argument by counsel, the circuit court sentenced Gregory to two years' incarceration. Gregory asked the circuit court to run his sentence concurrent with a sentence from Gloucester. The circuit court denied his request, noting that it considered that sentence in fashioning Gregory's sentence in this matter. This appeal follows.

---

[2] The discretionary sentencing guidelines recommended between one year and six months' incarceration and three years and two months' incarceration, with a midpoint of two years and four months.

## II. Analysis

### A. *Guilty Plea*

Gregory first argues that the circuit court erred in accepting his guilty plea because he did not enter it freely and voluntarily. He acknowledges that he did not move to withdraw his plea or otherwise preserve his argument for appeal but asks that we address it under the good cause and ends of justice exceptions to Rule 5A:18.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "'Good cause' relates to the reason why an objection was not stated at the time of the ruling." *Pope v. Commonwealth*, 60 Va. App. 486, 508 (2012) (quoting *Campbell v. Commonwealth*, 14 Va. App. 988, 996 (1992) (en banc) (Barrow, J., concurring)). "The Court may only invoke the 'good cause' exception where an appellant did not have the *opportunity* to object to a ruling in the trial court; however, when an appellant 'had the opportunity to object but elected not to do so,' the exception does not apply." *Perry v. Commonwealth*, 58 Va. App. 655, 667 (2011) (emphasis added) (quoting *Luck v. Commonwealth*, 32 Va. App. 827, 834 (2000)).

Here, the circuit court accepted Gregory's guilty plea on October 13, 2021, and entered its sentencing order on January 27, 2022. Gregory could have objected to the circuit court accepting his guilty plea during the October 13, 2021 hearing, or he could have moved to withdraw his plea for up to twenty-one days after the circuit court entered its sentencing order. Code § 19.2-296 (providing that, "to correct manifest injustice, [a trial] court within twenty-one days after entry of a final order may set aside the judgment of conviction and permit the defendant to withdraw his plea"). Nothing in the record suggests that anything prevented Gregory from filing such a motion.

- 4 -

Accordingly, the good cause exception does not apply because there was ample opportunity for Gregory to alert the circuit court of the relief he sought.

"The 'ends of justice' exception to Rule 5A:18 is 'narrow and is to be used sparingly.'" *Melick v. Commonwealth*, 69 Va. App. 122, 146 (2018) (quoting *Pearce v. Commonwealth*, 53 Va. App. 113, 123 (2008)).  Whether to apply the ends of justice exception involves two questions:  "(1) whether there is error as contended by the appellant; and (2) whether the failure to apply the ends of justice provision would result in a grave injustice."  *Commonwealth v. Bass*, 292 Va. 19, 27 (2016) (quoting *Gheorghiu v. Commonwealth*, 280 Va. 678, 689 (2010)).  The "ends of justice" exception to Rule 5A:18 "requires proof of an error that was 'clear, substantial and material.'"  *West v. Commonwealth*, 43 Va. App. 327, 338 (2004) (quoting *Brown v. Commonwealth*, 8 Va. App. 126, 132 (1989)).  "[A] *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred."  *Melick*, 69 Va. App. at 146 (quoting *Redman v. Commonwealth*, 25 Va. App. 215, 221 (1997)).

A defendant who enters a guilty plea waives several rights, so a "plea of guilty is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'"  *Bousley v. United States*, 523 U.S. 614, 618 (1998) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)).  "Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences."  *Brady*, 397 U.S. at 748.  Thus, to withstand scrutiny on appeal, the record must contain "an affirmative showing that [the guilty plea] was intelligent and voluntary."  *Boykin v. Alabama*, 395 U.S. 238, 242 (1969).

The circuit court conducted an extensive colloquy with Gregory, which shows that his guilty plea was entered knowingly, voluntarily, and intelligently.  Gregory acknowledged that he understood the elements of the charge against him, what the Commonwealth had to prove to convict

him, and the potential maximum sentence he could receive. In addition, Gregory knew that he was waiving several important trial rights, including the rights to a jury trial, silence, confrontation, and to appeal certain decisions of the circuit court. Gregory was satisfied with his counsel's representation and had no questions for the circuit court. Thus, the record contains "an affirmative showing" that Gregory's guilty plea was "intelligent and voluntary." *Id.*

Gregory argues that "the record failed to establish" that he was given notice of the elements of the offense because the circuit court "fail[ed] to go over the elements" during the colloquy. No authority requires that the circuit court review each of the specific elements of an offense for a guilty plea to be valid, and we are unpersuaded by Gregory's contrary argument. "A circuit court may not accept a plea of guilty . . . without first determining that the plea is made . . . with an understanding of *the nature* of the charge and the consequences of the plea." Rule 3A:8(b)(1) (emphasis added); *see also* Rule 7C:6(a); *Henderson v. Morgan*, 426 U.S. 637, 645 (1976) (holding that a defendant must receive "real notice of the true nature of the charge against him" for a plea to be voluntary (quoting *Smith v. O'Grady*, 312 U.S. 329, 334 (1941))). Here, Gregory represented that he fully understood the charge against him and what the Commonwealth would have to prove to sustain a conviction. After that discussion, Gregory freely and voluntarily pleaded guilty. Thus, the record does not support Gregory's claim that he did not understand the nature of the charged offenses.

Gregory also argues that his guilty plea was not knowing and voluntary because he was not "made aware of the various collateral consequences" of his plea, including the loss of his rights to vote and possess a firearm and disqualification of certain public benefits and occupational licenses. This argument lacks merit. "For a guilty plea to be constitutionally valid, a defendant must be made aware of all the direct, but not the collateral, consequences of his plea." *Brown v. Commonwealth*, 297 Va. 295, 302 (2019) (quoting *Meyer v. Branker*, 506 F.3d 358, 367-68 (4th

Cir. 2007)). Indeed, a "trial court is not required to discuss every nuance of the law regarding a defendant's plea in order to render a guilty plea voluntary and knowing." *Zigta v. Commonwealth*, 38 Va. App. 149, 154 (2002). Gregory's reliance on *Padilla v. Kentucky*, 559 U.S. 356, 374-75 (2010), is misplaced because that case addressed a claim that the trial attorney was ineffective for failing to advise his client that he would be subject to deportation; it did not address the voluntariness of the defendant's guilty plea or what a trial court must cover to ensure a plea is knowing and voluntary.

Finally, Gregory argues that the circuit court failed to establish for the record that he possessed the requisite mental competency to freely and voluntarily enter his plea. "Absent evidence to the contrary, . . . courts presume the competency of an accused to stand trial." *Smith v. Commonwealth*, 48 Va. App. 521, 532 (2006). It is the accused's burden to "show he 'lacks substantial capacity to understand the criminal proceedings' or is 'incapable of assisting counsel' in his defense." *Id.* (quoting *Orndorff v. Commonwealth*, 271 Va. 486, 499-500 (2006)).

To prevail on a claim that a trial judge should have conducted a competency hearing sua sponte, an appellant "must establish that the . . . trial court ignored facts raising a 'bona fide doubt' regarding [his] competency to stand trial." *Burket v. Angelone*, 208 F.3d 172, 192 (4th Cir. 2000) (quoting *Pate v. Robinson*, 383 U.S. 375, 385 (1966)). The Fourth Circuit has recognized that counsel's decision not to raise the issue of his client's competence is probative of competency. *Id.* at 193. The record here contains nothing suggesting any issue with Gregory's mental competence or capacity. Rather, Gregory represented during the plea colloquy that he was without a physical or mental impairment that prevented him from understanding the proceedings and that he was aware of the consequences of his plea. He declined the opportunity to ask any questions. Thus, "the evidence in the record overwhelmingly suggests that there was never a bona fide doubt" about Gregory's competency to stand trial. *Id.* at 194.

Accordingly, after reviewing the record, we conclude that it overwhelmingly shows that Gregory entered his guilty plea knowingly, voluntarily, and intelligently. Thus, the ends of justice exception does not apply, and Rule 5A:18 bars our consideration of Gregory's argument on appeal.

### B. *Length of Sentence*

Gregory argues that the circuit court abused its discretion by sentencing him to two years' imprisonment and refusing to run his sentence concurrent with the sentence he received in Gloucester County. He alleges that he "showed appropriate remorse" and asked the circuit court to "show mercy." He also argues that the circuit court failed to adequately weigh the "significant mitigating circumstances," including his HIV diagnosis and decision to accept responsibility by pleading guilty.

"We review the trial court's sentence for abuse of discretion." *Scott v. Commonwealth*, 58 Va. App. 35, 46 (2011). "[W]hen a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Alston v. Commonwealth*, 274 Va. 759, 771-72 (2007)). "[O]nce it is determined that a sentence is within the limitations set forth in the statute under which it is imposed, appellate review is at an end." *Thomason v. Commonwealth*, 69 Va. App. 89, 99 (2018) (quoting *Minh Duy Du*, 292 Va. at 565). Here, Gregory's sentence was within the sentencing range set by the legislature. *See* Code §§ 18.2-10, 18.2-181.1. Additionally, multiple sentences are presumed to run consecutively unless the circuit court, in the exercise of its discretion, orders them to run concurrently under Code § 19.2-308. *Commonwealth v. Botkin*, 68 Va. App. 177, 180 (2017), *aff'd*, 296 Va. 309 (2018). Other than citing the existence of mitigating evidence, Gregory provides no argument for why the circuit court should have run his sentence concurrently with

the sentence from Gloucester, and the record contains nothing revealing that the circuit court abused its discretion by declining to do so.

Finally, it was within the circuit court's purview to weigh Gregory's mitigating evidence. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). "Criminal sentencing decisions are among the most difficult judgment calls trial judges face." *Minh Duy Du*, 292 Va. at 563. "Because this task is so difficult, it must rest heavily on judges closest to the facts of the case— those hearing and seeing the witnesses, taking into account their verbal and nonverbal communication, and placing all of it in the context of the entire case." *Id.* Here, the record shows that the circuit court considered not only his sentence from Gloucester County, but also the mitigating circumstances Gregory cites on appeal. Balanced against those circumstances, however, was Gregory's extensive criminal history and that his crimes took place only days apart. After considering all the circumstances, the circuit court imposed the sentence that it deemed appropriate. That "sentence was within the statutory range, and our task is complete." *Thomason*, 69 Va. App. at 99.

### III. CONCLUSION

For these reasons, the circuit court's judgment is affirmed.

*Affirmed*.