COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Malveaux, Ortiz and Friedman

OCTAVIA RENAY BANDY

v.      Record No. 1268-22-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
SEPTEMBER 5, 2023

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
John R. Doyle, III, Judge

(J. Barry McCracken, Assistant Public Defender, on brief), for
appellant. Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Rebecca M. Garcia, Assistant
Attorney General, on brief), for appellee. Appellee submitting on
brief.


Octavia Renay Bandy appeals the trial court's judgment revoking her previously

suspended sentence and imposing 1 year and 11 months' incarceration. Bandy argues that the

trial court abused its discretion by "failing to run the entire period of active incarceration . . .

concurrently with active sentences" imposed in other jurisdictions. After examining the briefs

and record in this case, the judgment of the trial court is affirmed.

BACKGROUND

In August 2019, the trial court convicted Bandy of possession of a Schedule I or II

controlled substance and sentenced her to 2 years' incarceration with 1 year and 11 months

suspended, conditioned on her good behavior and the successful completion of 5 years' supervised

probation. The trial court ordered that Bandy was to serve her sentence "consecutively with all

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

other sentences." Bandy finished her term of active incarceration and began supervised probation on September 11, 2019.

In April 2021, Bandy's probation officer reported that Bandy had failed to report to several scheduled office visits, had changed residences without notifying her probation officer, and had absconded from supervision. In addition, the Virginia Beach Circuit Court had convicted Bandy on two counts of shoplifting.[1] On April 9, 2021, the trial court issued a capias for Bandy's arrest. In an addendum, Bandy's probation officer reported that in June 2022, the Chesapeake Circuit Court convicted her of receiving stolen property, identity theft, providing false identification to a law enforcement officer, and eluding. The Chesapeake Circuit Court imposed a total of 4 years and 30 months' incarceration with all but 20 months suspended.

At the revocation hearing, Bandy did not contest that she had violated the conditions of her suspended sentence by suffering new criminal convictions. Emphasizing that she had received a 10-month active sentence from Virginia Beach and a 20-month active sentence from Chesapeake, Bandy asked the trial court to run any active incarceration concurrently with those sentences.[2] She argued that this was her first probation violation for absconding and she already had been incarcerated for several months. In addition, she wanted "to get this dark patch of her life behind her" so she could be with her four children. The Commonwealth argued that active incarceration was warranted and objected to a concurrent sentence.

---

[1] The Virginia Beach Circuit Court also convicted Bandy of forgery and two counts of obtaining money by false pretenses. While Bandy was convicted in 2021, these offenses occurred before she began supervised probation in Norfolk. The Virginia Beach Circuit Court imposed a total of six years' incarceration with all but ten months suspended.

[2] The discretionary sentencing guidelines recommended a sentence between time served and one year of incarceration.

In allocution, Bandy apologized to the trial court and her family. She wanted to complete any sentence so she could "move forward to better [her] life . . . for [her] children" and asked for the court's "consideration."

The trial court expressed sympathy for the "situation" Bandy's "children . . . face[d]" but found that Bandy needed to "make different choices" because she could not "steal while on probation." Not wanting Bandy to be on probation in three jurisdictions, the trial court revoked the balance of her previously-suspended sentence but ordered 11 months of the sentence to "run concurrently with the sentence in Chesapeake." Bandy appeals.

ANALYSIS

"On appeal, '[w]e "view the evidence received at [a] revocation hearing in the light most favorable to the Commonwealth, as the prevailing party, including all reasonable and legitimate inferences that may properly be drawn from it."'" *Green v. Commonwealth*, 75 Va. App. 69, 76 (2022) (alterations in original) (quoting *Johnson v. Commonwealth*, 296 Va. 266, 274 (2018)). "[T]he trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Id.* (quoting *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013)).

After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). Under the revocation statutes in effect when Bandy's revocation proceedings began, once the trial court found that she had violated the terms of the suspension, it was obligated to revoke the suspended sentence and it was in "full force and effect." Code § 19.2-306(C)(ii) (2020 Cum. Supp.). The trial court was then

permitted—but not required—to re-suspend all or part of the sentence. *Id.*; *Alsberry v. Commonwealth*, 39 Va. App. 314, 320 (2002).[3]

Bandy does not contest that she violated the conditions of her suspended sentence by suffering new criminal convictions. Instead, she argues that the trial court abused its discretion by not "running all or the majority of the sentence concurrent with the sentences she received in Chesapeake." She argues that given her "domestic situation," the trial court "should have tailored a sentence" that resulted in less active incarceration. In her view, a year of incarceration in addition to the 30 months' incarceration she received in other jurisdictions was harsh and an abuse of discretion.

In fashioning Bandy's sentence, it was within the trial court's purview to weigh any mitigating factors she presented, including her children's needs and the duration of the sentences from the other jurisdictions. *See Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). In addition, it is well-established that multiple sentences are presumed to run consecutively unless the trial court, in the exercise of its discretion, orders them to run concurrently. *See* Code § 19.2-308;

---

[3] Effective July 1, 2021, Code § 19.2-306(C) was amended and no longer requires the trial court to revoke the sentence. 2021 Va. Acts Sp. Sess. I ch. 538. Instead, "[i]f the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court *may* revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1." Code § 19.2-306(C) (emphasis added). The "newly enacted Code § 19.2-306.1 limits the period of active incarceration" for "certain 'technical violations.'" *Green*, 75 Va. App. at 78. Nevertheless,

> [i]f the court finds the basis of a violation of the terms and conditions of a suspended sentence or probation is that the defendant was convicted of a criminal offense that was committed after the date of the suspension . . . , then the court may revoke the suspension and impose or resuspend any or all of that period previously suspended.

Code § 19.2-306.1(B). Bandy's violation was based, in part, on new criminal offenses committed after the date of the suspension. Accordingly, even under the new probation framework, the trial court retained the discretion to impose "any or all" of her previously suspended sentence. *Id.*

- 4 -

*Commonwealth v. Botkin*, 68 Va. App. 177, 180 (2017); *Brown v. Commonwealth*, 284 Va. 538, 542 (2012).

The record demonstrates that the trial court considered the mitigating evidence Bandy presented and expressed sympathy regarding her children's plight. Balanced against those circumstances, however, was Bandy's continuous criminal behavior while on probation, which included multiple larcenies, identity theft, providing false identification to a law enforcement officer, and eluding. In addition, Bandy failed to report to several scheduled appointments with her probation officer and absconded from supervision. Although the trial court revoked the balance of her suspended sentence, it ordered 11 months of the sentence to run concurrently with her sentences from Chesapeake. That ruling reflects the trial court's careful balancing of the evidence and circumstances in this case, including its finding that probation obligations in three jurisdictions was undesirable. The record further reflects that the trial court concluded some active incarceration for Bandy's continued criminal behavior was appropriate. Other than citing mitigating evidence, Bandy provides no argument for why the trial court should have run her entire sentence concurrently with the Chesapeake sentence, and the record contains nothing revealing that the trial court abused its discretion by not doing so.

"The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). Bandy's disregard of the terms of her suspended sentence and continued criminal behavior support the trial court's finding that she was not amendable to rehabilitation. "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56

Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). Bandy failed to make productive use of the grace that had been extended to her.

"For probation to have a deterrent effect on recidivism, real consequences must follow a probationer's willful violation of the conditions of probation." *Price*, 51 Va. App. at 449. Upon review of the record in this case, we conclude that the sentence the trial court imposed represents such real consequences and was a proper exercise of judicial discretion. *See Alsberry*, 39 Va. App. at 321-22 (finding the court did not abuse its discretion by imposing the defendant's previously suspended sentence in its entirety "in light of the grievous nature of [the defendant's] offenses and his continuing criminal activity").

## CONCLUSION

Finding no abuse of the trial court's sentencing discretion, its judgment is affirmed.

*Affirmed.*