PRESENT: Lemons, C.J., Goodwyn, Mims, and Roush, JJ., and Russell, Lacy and Millette, S.JJ.

MICHAEL GRAFMULLER

v. Record No. 150433

OPINION BY
JUSTICE JANE MARUM ROUSH
November 5, 2015

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Louis R. Lerner, Judge

Michael Grafmuller ("Grafmuller") appeals from the circuit court's denial of his motion for a new sentencing hearing prior to entry of an amended sentencing order correcting his sentences on two charges for which the sentences originally exceeded the applicable statutory maximums.

I. Facts and Proceedings

In 2008, Grafmuller was charged with (i) attempted carnal knowledge of a minor in violation of Code § 18.2-63, (ii) indecent liberties with a minor in violation of Code § 18.2-370, (iii) using a communications system to procure or promote certain sex offenses involving a minor in violation of Code § 18.2-374.3, and (iv) solicitation to commit a felony in violation of Code § 18.2-29. Grafmuller entered Alford pleas of guilty and was found guilty as charged.

In May 2009, the circuit court conducted a sentencing hearing and imposed sentences upon Grafmuller. On the charge of attempted carnal knowledge of a minor, Grafmuller was sentenced to 10 years of imprisonment, with eight years suspended. On the charge of using a communications system to procure or promote certain sex offenses involving a minor, Grafmuller was sentenced to 10 years, with five years suspended. In addition, Grafmuller was sentenced to 10 years (with eight years suspended) on the indecent liberties with a minor charge

and five years (with four years suspended) on the solicitation to commit a felony charge.  In total, Grafmuller was sentenced to 35 years of incarceration, with 25 years suspended, for a total time to serve of 10 years.

Grafmuller's appeal of his sentence on the charge of using a communications system to procure or promote certain sex offenses involving a minor to the Court of Appeals was unsuccessful.  Grafmuller v. Commonwealth, 57 Va. App. 58, 67, 698 S.E.2d 276, 281 (2010). We refused Grafmuller's appeal.

In 2014, Grafmuller, relying on Rawls v. Commonwealth, 278 Va. 213, 683 S.E.2d 544 (2009), filed a motion in the circuit court seeking a new sentencing hearing, arguing that his 10 year sentences for attempted carnal knowledge of a minor in violation of Code § 18.2-63 and use of a communications system to procure or promote certain sex offenses involving a minor in violation of Code § 18.2-374.3 were void ab initio because they exceeded the statutory maximum of five years on each of the two charges.[1]  Grafmuller argued that the attempted carnal knowledge of a minor charge was a Class 6 felony.  Similarly, with regard to the charge of use of a communications system to procure or promote certain sex offenses involving a minor, Grafmuller maintained that he was indicted and convicted under 18.2-374.3(B), a Class 6 felony.[2]  The Commonwealth conceded that Grafmuller was convicted under Code § 18.2-

---

[1] Because an order that is void ab initio may be attacked at any time, Grafmuller's motion filed in 2014 attacking his 2009 sentences was not untimely.  An order that is void ab initio is "a complete nullity and it may be impeached directly or collaterally by all persons, anywhere, at any time, or in any manner."  Singh v. Mooney, 261 Va. 48, 52, 541 S.E.2d 549, 551 (2001) (citation and internal quotation marks omitted).  Consequently, Rule 1:1, which limits the jurisdiction of a court to twenty-one days after the entry of the final order, does not apply to an order which is void ab initio.  Id.

[2] A Class 6 felony, – at the time of Grafmuller's offenses and today – carries a range of sentencing of "a term of imprisonment of not less than one year nor more than five years, or in

2

374.3(B) and that Grafmuller's sentences on both charges exceeded the statutory maximum, but maintained that the circuit court could correct the errors by entering an amended sentencing order without the need for a new sentencing hearing.

The circuit court denied Grafmuller's motion for a new sentencing hearing and, on July 1, 2014, entered an amended sentencing order. Pursuant to that order, Grafmuller's sentence on the charge of attempted carnal knowledge of a minor was amended to five years, with three years suspended. His sentence on the charge of using a communications system to procure or promote certain sex offenses involving a minor was amended to five years, with no time suspended. There was no change to the sentences imposed on the charges of indecent liberties with a minor or solicitation to commit a felony, as they did not exceed the statutory maximums. Thus, under the amended sentencing order, Grafmuller was sentenced to a total of 25 years of incarceration, with 15 years suspended, for a total time to serve of 10 years. Grafmuller appeals the denial of his motion for a new sentencing hearing.[3]

## II. Analysis

### A. Standard of Review

The issue in this appeal is whether our holding in Rawls requires that a criminal defendant who pled guilty – and thus was sentenced by a judge and not a jury – be granted a new sentencing hearing when his original sentence exceeded the statutory maximum. This is a question of law that we review de novo. See Farhoumand v. Commonwealth, 288 Va. 338, 342,

_____

the discretion of the jury or the court trying the case without a jury, confinement in jail for not more than 12 months and a fine of not more than $2,500, either or both." Code § 18.2-10(f).

[3] Grafmuller initially appealed to the Court of Appeals, which determined that it did not have jurisdiction and transferred the appeal to this Court pursuant to Code § 8.01-677.1.

764 S.E.2d 95, 97 (2014); Shivaee v. Commonwealth, 270 Va. 112, 119, 613 S.E.2d 570, 574 (2005).

### B. Application of Rawls v. Commonwealth

In Rawls, we were presented with the question whether a defendant who has been sentenced in excess of the statutorily prescribed range of punishment is entitled to a new sentencing hearing.

Prior to Rawls, our jurisprudence had not been uniform in determining whether a defendant who received an improper sentence was entitled to a new sentencing hearing. See 278 Va. at 218-21, 683 S.E.2d at 547-49. Additionally, "[i]n many instances, our jurisprudence require[d] a court to speculate regarding how a jury would have fixed a defendant's punishment had the jury been properly instructed or had the jury properly applied the correct instruction." Id. at 218, 683 S.E.2d at 547.

Thus, in Rawls we adopted a bright-line rule that:

> a sentence imposed in violation of a prescribed statutory range of punishment is void ab initio because the character of the judgment was not such as the Court had the power to render. Thus, a criminal defendant in that situation is entitled to a new sentencing hearing. This common law rule of jurisprudence will eliminate the need for courts to resort to speculation when determining how a jury would have sentenced a criminal defendant had the jury been properly instructed or had the jury properly followed correct instructions.

Id. at 221, 683 S.E.2d at 549 (citations, internal quotation marks, and alterations omitted). The common law rule adopted in Rawls was "designed to ensure that all criminal defendants whose punishments have been fixed in violation of the statutorily prescribed ranges are treated uniformly without any speculation." Id.

Despite the clarity of our holding in Rawls, we are now invited to create an exception. The Commonwealth, noting that each case discussed in Rawls involved a jury sentence, argues

4

that our holding in that case should be limited to sentences exceeding the statutory maximums that were imposed by juries. The Commonwealth contends that the dispositive point made in Rawls is that "in addressing an incorrect sentence, a court may not speculate about the sentence that might have been imposed." In this case, the Commonwealth maintains, there is no risk of speculation: the same judge who sentenced Grafmuller in 2009 corrected his sentence in 2014.

Grafmuller argues that our rule in Rawls applies to "all criminal defendants whose punishments have been fixed in violation of the statutorily proscribed ranges" and that there should be no "exceptions for defendants improperly sentenced by judges rather than juries." We agree.

Our holding in Rawls was purposefully broad. We intended to end both the lack of uniformity in our jurisprudence and the speculation about what sentence would have been imposed had the sentencer not been mistaken about the maximum punishment provided by law. Id. at 221, 683 S.E.2d at 549. Although the cases we discussed in Rawls each involved a jury sentence, our holding was not limited to cases in which the jury imposed a sentence in excess of the statutory maximum. The requirement was announced "to ensure that all criminal defendants whose punishments have been fixed in violation of the statutorily prescribed ranges are treated uniformly." Id. (emphasis added). We decline the invitation presented by this case to create an exception to this doctrine for defendants who were sentenced by a judge rather than a jury. Such an exception would re-introduce to this area of the law both a lack of uniformity and a need for speculation as to what the sentence would have been if the sentencer had not misapprehended the statutory maximum. For example, if the original sentencing judge is no longer available to

correct the sentence, the resentencing judge would be required to speculate about what sentence the original judge would have imposed had he or she been aware of the proper sentencing range.[4]

Furthermore, a defendant charged with a felony has a constitutional right and a statutory right to be personally present during the trial. U.S. Const. amends. VI, XIV; Va. Const., art. I, §§ 8, 11; Code § 19.2-259. The statutory phrase, "during the trial," means "every stage of the trial from his arraignment to his sentence, when anything is to be done which can affect his interest." Remington v. Commonwealth, 262 Va. 333, 360, 551 S.E.2d 620, 636 (2001) (quoting Palmer v. Commonwealth, 143 Va. 592, 605, 130 S.E. 398, 402 (1925)). The constitutional imperative is the same: "[A] defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure." Kentucky v. Stincer, 482 U.S. 730, 745 (1987).

We conclude that a resentencing hearing for a convicted felon who has been sentenced to more than the maximum sentence allowed by law is critical to the outcome of the criminal proceeding. The presence of the defendant would contribute to the fairness of the process of correcting his sentence. Id. Accordingly, we hold that a defendant convicted of a felony has a right to be present personally at a new sentencing hearing at which his or her sentence is modified so as not to exceed the maximum sentence provided by law. This requirement applies equally to sentences imposed by a jury and sentences imposed by a judge.

---

[4] As the facts of both Rawls and this case demonstrate, years may pass before an argument is made to the courts that the sentence as originally imposed exceeded the statutory maximum. Rawls moved to vacate his sentence 12 years after it was imposed. 278 Va. at 215-16, 683 S.E.2d at 546. The errors in Grafmuller's sentences were raised after five years.

### III. Conclusion

For the foregoing reasons, we will reverse the judgment of the circuit court denying Grafmuller's motion for a new sentencing hearing, and remand this case to the circuit court with directions to re-sentence Grafmuller consistent with the holdings in this opinion.

<u>Reversed and remanded</u>.