PRESENT:  All the Justices

COMMONWEALTH OF VIRGINIA

OPINION BY
JUSTICE WILLIAM C. MIMS
May 30, 2019

v.  Record No. 180940

AUDREL JACK WATSON, JR.


FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
Thomas J. Wilson, IV, Judge

In this appeal, we consider whether the imposition of a sentence below the statutory minimum renders the judgment void ab initio or merely voidable.

I.  BACKGROUND AND MATERIAL PROCEEDINGS BELOW

In 2007, Audrel Jack Watson, Jr. was convicted on *Alford* pleas to several offenses, including four counts of using a firearm in the commission of a felony, in violation of Code § 18.2-53.1.  The circuit court sentenced him to a term of three years' imprisonment for each count, to be served consecutively.

Ten years later, Watson filed a motion to vacate three of the four sentences imposed upon him as void ab initio.  He noted that the statute imposed a mandatory minimum term of five years' imprisonment for any second or subsequent offense.  Consequently, he asserted, three of his three-year sentences are void ab initio for being shorter than the statutorily-prescribed five-year minimum.

The Commonwealth moved to dismiss Watson's motion, arguing among other things that under *Smith v. Commonwealth*, 195 Va. 297, 300 (1953) and *Royster v. Smith*, 195 Va. 228, 234 (1953), sentences below the statutory minimum are not void ab initio but only voidable.  Consequently, it asserted that pursuant to Rule 1:1 Watson's sentences had become final years before he filed his motion to vacate.  Watson responded that under *Rawls v. Commonwealth*, 278

Va. 213 (2009), any sentence imposed outside a statutorily-prescribed range is void ab initio.

The circuit court issued a letter opinion in which it agreed with Watson, relying on *Rawls* and

*Grafmuller v. Commonwealth*, 290 Va. 525 (2015).  It thereafter entered an order granting

Watson's motion to vacate his sentences and reopening the relevant criminal cases for further

proceedings.

We awarded the Commonwealth this appeal.

## II.  ANALYSIS

We review lower courts' interpretations of our precedents de novo.  *Hicks v. Mellis*, 275

Va. 213, 218 (2008).

The Commonwealth asserts that the circuit court erred by ruling that Watson's sentences

are void ab initio and therefore could be vacated upon his motion a decade later.  Rule 1:1 limits

the circuit court's jurisdiction to 21 days after entry of judgment.  Although Rule 1:1 applies

only to voidable judgments, not to void ones, the Commonwealth argues that this Court held in

both *Smith*, 195 Va. at 300, and *Royster*, 195 Va. at 234, that a sentence below the statutory

minimum is only voidable, and the circuit court mistakenly ruled that those holdings had been

overruled.  The Commonwealth argues that in *Rawls* this Court was limited by the assignments

of error, which presented the question only of whether a sentence *above* the statutory *maximum*

was void ab initio.  The Commonwealth contends that the language in *Rawls* suggesting that any

sentence outside the statutory range, rather than only the excessive, over-the-range sentence at

issue in that case, was dictum.

Watson responds that in *Rawls*, the Court expressly stated that it was adopting a new rule,

precisely for the purpose of creating uniformity:

> Today we adopt the following rule that is designed to ensure that all criminal
> defendants whose punishments have been fixed in violation of the statutorily

2

> prescribed ranges are treated uniformly without speculation. We hold that a sentence imposed in violation of a prescribed statutory range of punishment is void ab initio because the character of the judgment was not such as the [c]ourt had the power to render.

278 Va. at 221 (italics and internal quotation marks omitted). He argues that *Smith* and *Royster* cannot survive that holding, so they were implicitly overruled. He contends that the *Rawls* language was not dictum because the Court unequivocally stated that it was creating a new rule that all extra-range sentences were void, whether too long or too short, so Rule 1:1 does not apply.

The Commonwealth replies by reiterating that *Smith* and *Royster* are the law of Virginia until overruled, and *Rawls* did not overrule them. Under stare decisis, a circuit court lacks power to rule that this Court has overruled its earlier precedent by implication.

Watson is correct that our intention when we decided *Rawls* was to promote uniformity. However, the disparity we sought to eliminate was not between above-range and below-range sentences, but in how circuit courts were correcting jury sentences later discovered to be unlawful.

Rawls was sentenced by a jury that had been erroneously instructed about the sentencing range for the offense for which he was convicted, second-degree murder. The sentencing range at the time of his offense was 5-to-20 years' incarceration. Before his trial, the General Assembly raised the maximum sentence to 40 years. 278 Va. at 215. The circuit court incorrectly instructed the jury on the newer range, and it imposed a sentence of 25 years' imprisonment. Rawls later filed a motion to vacate that sentence, noting that it exceeded the statutory maximum at the time of his offense. The Commonwealth conceded the fact that the sentence exceeded the statutory range but argued that the court should simply impose the

3

superseded 20-year maximum.  Rawls argued that a new sentencing hearing was required.  The circuit court ruled for the Commonwealth.  *Id*. at 216-17.

When Rawls appealed, we surveyed our precedents in which we had considered whether a new sentencing hearing was required after a jury returned an unlawful sentence.  We concluded that those precedents "have not been uniform.  In many instances, our jurisprudence requires a court to speculate regarding how a jury would have fixed a defendant's punishment had the jury been properly instructed or had the jury properly applied a correct instruction."  *Id.* at 218.  That is the problem we sought to resolve when we held that "a criminal defendant in that situation is entitled to a new sentencing hearing" so that "all criminal defendants whose punishments have been fixed in violation of the statutorily prescribed ranges are treated *uniformly without any speculation*."  *Id*. at 221 (emphasis added).  In other words, we wanted to stop trial courts from trying to guess what juries might have done, as they had in some cases but not others, and to instead require that they always conduct a new sentencing hearing with a new jury.

The Court considered a similar issue in *Grafmuller*.  In that case, the defendant pled guilty to two counts of child sex offenses and was sentenced by a judge, not a jury.  The offenses had five-year statutory maximums but the court sentenced him to 10 years' imprisonment on each.  He moved for a new sentencing hearing but the court instead modified his sentences by reducing solely the amount of time it had suspended, leaving him the same duration of active incarceration.  290 Va. at 527-28.

The defendant appealed and we reversed, applying *Rawls*.  We ruled that *Rawls* was "purposefully broad."  We noted that our "holding was not limited to cases in which *the jury* imposed a sentence in excess of the statutory maximum."  *Id.* at 530.  "The requirement [for a new sentencing hearing] was announced to ensure that all criminal defendants whose

punishments have been fixed in violation of the statutorily prescribed ranges are treated uniformly." *Id*. (internal quotation marks omitted) (emphasis omitted). We therefore held that the distinction between sentencing error by a jury or by a judge was one without a difference in that context. *Id*. at 530-31.

Consequently, the issue that Watson raises in this case was not raised in either *Rawls* or *Grafmuller*. In each of those cases, the Commonwealth agreed that the respective sentences were void, because they were too long. *Grafmuller*, 290 Va. at 528; *Rawls*, 278 Va. at 216. While the language we used when we decided them was intended to be broad, our decisions were nevertheless restricted to the legal question in dispute. Specifically, when the judge or jury imposing sentence exceeds the discretion conferred by the legislature when it enacted a statutory range, *see Alston v. Commonwealth*, 274 Va. 759, 771-72 (2007) (describing the imposition of a sentence within a statutory range as an act of discretion), may the trial judge simply impose a new sentence without ordering a new hearing? Therefore, we today clarify that our holdings in *Rawls* and *Grafmuller* are limited to such cases, and the answer to the question raised in them is no. In other words, when (1) the General Assembly has prescribed a statutory range of sentences for an offense, and (2) a sentence is challenged at a procedurally permissible time as lying outside that range, then (3) the trial court must conduct a new sentencing hearing to permit the sentencing entity, whether judge or jury, to impose a lawful sentence. Whether the judgment is void or voidable determines the "procedurally permissible time."

In light of this clarification of *Rawls* and *Grafmuller*, it is clear that those cases did not overrule *Smith* and *Royster*,[*] which dealt squarely with the legal question Watson raises here.

---

[*] As we noted in *Clark v. Virginia Dep't of State Police*, 292 Va. 725, 735-36 (2016), the Supreme Court of the United States discourages lower courts from concluding that its "'more recent cases have, by implication, overruled an earlier precedent.'" (Quoting *Agostini v. Felton*,

5

While it is undoubtedly error to sentence a defendant to a term of imprisonment *shorter* than that authorized by the General Assembly, such error renders the judgment merely voidable, not void. *Royster*, 195 Va. at 234-35 (internal quotation marks omitted). We were not unaware when we decided *Smith* and *Royster* that a sentence to a term *longer* than authorized by the General Assembly was, by contrast, void. To the contrary, in *Smith*, 195 Va. at 299, we cited and discussed *Crutchfield v. Commonwealth*, 187 Va. 291, 297-98 (1948), a case in which we agreed with a trial court that a sentence in excess of the statutory maximum was a nullity but held that the appropriate remedy was only a new sentence, not a new trial.

The legal justification for treating a sentence to a term of imprisonment shorter than the term prescribed by law as voidable, but one longer than the term so prescribed as void ab initio is rooted deeply in the law. The Magna Carta of King John famously provided that "[n]o free man shall be seized or imprisoned . . . except . . . by the law of the land." Magna Carta, ch. 39, *reprinted in* British Library, Magna Carta: Law, Liberty, Legacy 267 (Claire Breay & Julian Harrison eds. 2015). But we need not dig so deep in this case because it is clear that once a court has imposed the greatest sentence that the legislature has authorized, the court has exhausted all its power to punish and "its further exercise [i]s prohibited." *Ex parte Lange*, 85 U.S. 163, 176 (1873). Thus, any excessive sentence is void "because the power to render any further judgment did not exist." *Id.* The reverse is not true. A sentence for less than what the legislature has allowed is merely legal error, and when a court has power to render a judgment, it has the power

---

521 U.S. 203, 237 (1997)). We echo the sentiment and, like that Court, direct that "'if a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, lower courts should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions.'" *Id.* (quoting *Agostini*, 521 U.S. at 237 (alteration omitted)).

6

render an erroneous one.  *E.g.*, *White v. State ex rel. Johnson*, 37 So.2d 580, 581 (Fla. 1948); *In re Bourke's Estate*, 156 P.2d 501, 505 (Kan. 1945).

### III.  CONCLUSION

For the reasons set forth above, we conclude that the circuit court erred by ruling that *Rawls* or *Grafmuller* overruled *Royster* and *Smith* and Watson's erroneous sentences were void ab initio.  The court therefore lacked jurisdiction under Rule 1:1 to consider his motion to vacate his sentences.  Accordingly, we will vacate its judgment granting that motion and reopening the associated criminal cases.

*Vacated.*