COURT OF APPEALS OF VIRGINIA

Present: Judges AtLee, Friedman and Senior Judge Clements

WADDEL M. FOX

MEMORANDUM OPINION[*]

v.      Record No. 1582-22-2                          PER CURIAM
                                                      AUGUST 1, 2023

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Lynn S. Brice,[1] Judge

(Waddel M. Fox, III, on briefs), *pro se*.

(Jason S. Miyares, Attorney General; Elizabeth Kiernan Fitzgerald,
Assistant Attorney General on brief), for appellee.


Waddel M. Fox appeals the Circuit Court of Chesterfield County's order denying his

motion to vacate the criminal judgment against him. After examining the briefs and record in this

case, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly

without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). For the following reasons, we dismiss

for lack of jurisdiction.

BACKGROUND[2]

In 2002, Fox pleaded guilty to the following offenses and agreed that the following

sentences were appropriate: 50 years' imprisonment for first-degree murder with 30 years

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Judge Brice presided over Fox's motion to vacate and motion for a more definite
statement. Judge Cleo E. Powell presided over Fox's guilty plea and sentencing hearing.

[2] Under settled principles, we state the facts in the light most favorable to the
Commonwealth, the prevailing party below. *Hammer v. Commonwealth*, 74 Va. App. 225, 231
(2022) (citing *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)).

suspended, 10 years for attempted murder with 8 years suspended, 5 years for possession of a firearm having previously been convicted of a felony, 3 years for using a firearm in the commission of murder, and 5 years for using a firearm in the commission of attempted murder. Fox confirmed at his plea hearing that he agreed to those sentences. When the circuit court inquired if the sentences were to run concurrently or consecutively, the Commonwealth's attorney and Fox's counsel each responded that their "understanding" was that the sentences would run consecutively, an understanding they then memorialized in the written plea agreement. By final order entered April 24, 2003, the circuit court sentenced Fox to the agreed sentences for a total sentence of 73 years' imprisonment with 38 years suspended.

On September 13, 2022, Fox moved to vacate the judgment, asserting that his sentences were obtained through extrinsic fraud and were void ab initio. Specifically, he asserted that the Commonwealth's attorney committed extrinsic fraud by arguing that (1) Fox's sentences for using a firearm could not run concurrently by statute, and (2) the mandatory minimum sentence for possessing a firearm was five years' imprisonment rather than two years, as Fox's counsel argued. The circuit court, sua sponte, denied Fox's motion on September 19, 2022, writing only that it "appear[ed] proper to do so."

Fox appealed on October 19, 2022. That same day, he filed a "Motion For More Definite Statement" requesting that the circuit court provide "findings of fact and conclusions of law" to support its order denying his motion to vacate. On October 27, 2022, the circuit court denied Fox's motion, again without written reasoning.

ANALYSIS

We liberally read Fox's assignment of error as encompassing two arguments: (1) the circuit court provided an insufficiently detailed written explanation for denying Fox's motion to vacate, and (2) the circuit court erred in apparently concluding that Fox failed to prove extrinsic

- 2 -

fraud.[3] Because it implicates the circuit court's jurisdiction, we address Fox's second argument first. "All final judgments, orders, and decrees, irrespective of terms of court, remain under the control of the trial court and may be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." Rule 1:1(a). Expiration of the twenty-one-day time limitation divests the trial court of jurisdiction, subject to certain limited exceptions. *See Smith v. Commonwealth*, 32 Va. App. 766, 775 (2000). Here, the circuit court entered the final order on April 24, 2003, nearly 20 years before Fox filed his motion to vacate in September 2022.

Code § 8.01-428 contains several enumerated exceptions to Rule 1:1. Fox brought his motion under Code § 8.01-428(D), which provides that Code § 8.01-428 "does not limit the power of the court to entertain at any time an independent action . . . to set aside a judgment or decree for fraud upon the court." "This provision does not create new rights or remedies and we construe it narrowly to advance the principle of finality of judgments." *Va. Polytechnic Inst. & State Univ. v. Prosper Fin. Inc.*, 284 Va. 474, 483 (2012) (citing *Charles v. Precision Tune, Inc.*, 243 Va. 313, 317 (1992)).

Rule 1:1 also does not bar a collateral attack upon an order that is void ab initio. *Grafmuller v. Commonwealth*, 290 Va. 525, 528 n.1 (2015). A judgment that is void is "a complete nullity and it may be 'impeached directly or collaterally by all persons, anywhere, at

---

[3] In his reply brief, Fox argues that his five-year sentence for possessing a firearm as a convicted felon was void because it exceeded the statutory maximum. (Code § 18.2-308.2(A) provides for a five-year mandatory minimum sentence if a person possesses a firearm having previously been convicted of a violent felony as defined in Code § 17.1-805, and for a two-year mandatory minimum sentence if a person possesses a firearm having been convicted of any other felony. In either case, the offense is a Class 6 felony, which carries a maximum penalty of five years' imprisonment. Code §§ 18.2-10(f), -308.2(A). Fox's previous conviction was for distributing cocaine, in violation of Code § 18.2-248, which is not classified as a violent felony under Code § 17.1-805(C). These penalties remain the same as they were at the time of Fox's offense. Because the statutory *maximum* sentence was five years, the circuit court did not exceed its statutory authority and Fox's voidness argument fails.

any time, or in any manner.'" *Singh v. Mooney*, 261 Va. 48, 52 (2001) (quoting *Barnes v. Am. Fertilizer Co.*, 144 Va. 692, 705 (1925)). An otherwise final judgment is void if it was secured by extrinsic fraud. *Rook v. Rook*, 233 Va. 92, 95 (1987) (collecting cases). Extrinsic fraud is "conduct which prevents a fair submission of the controversy to the court." *Peet v. Peet*, 16 Va. App. 323, 327 (1993) (quoting *Jones v. Willard*, 224 Va. 602, 607 (1983)). The party alleging fraud bears the burden of proving it by clear and convincing evidence. *Aviles v. Aviles*, 14 Va. App. 360, 366 (1992) (citing *Redwood v. Rogers*, 105 Va. 155, 158 (1906)). The elements of fraud are "(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled." *Batrouny v. Batrouny*, 13 Va. App. 441, 443 (1991) (quoting *Winn v. Aleda Constr. Co., Inc.*, 227 Va. 304, 308 (1984)).

Both Code § 8.01-428(D) and common law voidness rules require Fox to prove fraud. He failed to do so. Fox alleged in his motion that he, "through counsel, argued at trial" that the two sentences for using a firearm should run concurrently, while the Commonwealth's attorney argued that the statute required the sentences to run consecutively.[4] Fox further alleged that he, "through counsel, argued at trial" that the mandatory minimum for a violation of Code § 18.2-308.2 was two years' imprisonment, rather than five years as the Commonwealth's attorney argued. The record refutes Fox's contentions. First, there was no trial because Fox pleaded guilty. Second, the parties told the circuit court at Fox's sentencing hearing that they agreed as to the appropriate sentences. The only statements in the record regarding whether

---

[4] That statutory question was unclear when the circuit court sentenced Fox in 2003. In 2006, this Court held as a matter of first impression that a trial court may not impose multiple convictions under Code § 18.2-53.1 to run concurrently. *Bullock v. Commonwealth*, 48 Va. App. 359, 377-78 (2006). In 2012, more than nine years after the circuit court sentenced Fox, the Supreme Court overruled *Bullock* and held that the trial court has discretion to impose the sentences concurrently or consecutively. *Brown v. Commonwealth*, 284 Va. 538, 545 (2012).

Fox's sentences would run consecutively or concurrently were the statements by counsel for both parties indicating that they had an "understanding" that the sentences would run consecutively. The record contains no statements regarding the mandatory minimum sentence for firearm possession. Even if we agreed with Fox's dubious contention that a prosecutor defrauds the court and defense counsel by knowingly making false statements about the statutory sentencing range, Fox has not proved by clear and convincing evidence that the prosecutor made the alleged statements.

As for Fox's remaining argument, and setting aside whether Fox preserved the issue under Rule 5A:18,[5] "[a]bsent a statutory mandate, . . . a trial court is not required to give findings of fact and conclusions of law." *Brown v. Commonwealth*, 75 Va. App. 388, 412 (2022) (quoting *Fitzgerald v. Commonwealth*, 223 Va. 615, 627 (1982)). *Virginia Polytechnic* does not compel a contrary result. In that case, the Supreme Court held that a trial court erred by setting aside a default judgment under Code § 8.01-428 without articulating its findings. *Va. Polytechnic*, 284 Va. at 483-84. The Court relied on the holding in *Ryland v. Manor Care, Inc.*, 266 Va. 503, 510 (2003), that "a trial court must articulate its findings with particularity" when it sets aside a default judgment "[b]ecause of the need to have finality and certainty with regard to judgments." The Supreme Court's reasoning does not apply when the circuit court denies a motion to vacate a judgment over which it lacks jurisdiction.

Because Fox has not proven that the 2003 judgment was void or that Code § 8.01-428 provides an exception to Rule 1:1, the circuit court lacked jurisdiction to vacate that judgment.

---

[5] Fox did not request additional reasoning until more than 21 days after the circuit court's order, rendering the circuit court without jurisdiction over that motion. Rule 1:1(a). However, "if a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection shall not thereafter prejudice him on motion for a new trial or on appeal." Code § 8.01-384(A).

Because our appellate jurisdiction is limited "to appeals from final criminal convictions and *from action on motions filed and disposed of while the trial court retains jurisdiction over the case*," *Minor v. Commonwealth*, 66 Va. App. 728, 738 (2016) (quoting *Commonwealth v. Southerly*, 262 Va. 294, 299 (2001)), we dismiss this appeal for lack of jurisdiction.

*Dismissed.*