COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges AtLee, Athey and Callins
Argued at Richmond, Virginia


OSWALDO RAMIREZ

                                                    MEMORANDUM OPINION[*] BY
v.      Record No. 0266-24-2            JUDGE CLIFFORD L. ATHEY, JR.
                                                      JUNE 24, 2025

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
Dennis M. Martin, Sr., Judge

        Eric Weathers, Assistant Public Defender (Kelsey Bulger, Deputy
        Appellate Counsel; Virginia Indigent Defense Commission, on
        briefs), for appellant.

        Ken J. Baldassari, Assistant Attorney General (Jason S. Miyares,
        Attorney General, on brief), for appellee.


        Pursuant to a plea agreement, Oswaldo Ramirez ("Ramirez") pleaded no contest and was

convicted of seven felony charges involving sexual abuse of his seven-year-old step-grandchild,

M.D.[1]  The Circuit Court of the City of Petersburg ("trial court') subsequently sentenced

Ramirez to a cumulative total of 355 years in prison with 205 years suspended, for an active

period of incarceration of 150 years.  If ever released, Ramirez was to serve 138 years of

supervised probation.  Ramirez initially assigns error to the trial court for exceeding the maximum

penalty prescribed by the General Assembly when it sentenced him to 100 years' incarceration with

50 years suspended regarding Case No. CR22000814-00, involving attempted forcible sodomy

where "[t]he complaining witness is less than 13 years of age" in violation of Code

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] We use initials to protect the victim's identity.

§ 18.2-67.1(A)(1), and again in Case No. CR22000804-00, involving attempted object sexual penetration where "[t]he complaining witness is less than 13 years of age" in violation of Code § 18.2-67.2(A)(1).  His third assignment of error asserts that "[t]he trial court erred by abusing its discretion in sentencing . . . [him] to 355 years of incarceration, with 205 years suspended, for an active sentence of 150 years."  And his fourth and final assignment of error asserts that if this Court concludes that the record is insufficient to address his sentencing arguments, "[t]he trial court erred by failing to vacate [his] convictions and hold a new plea hearing where the trial court could not recall or accurately reconstruct the plea hearing."  For the following reasons, we vacate three of Ramirez's sentences, affirm the sentences on the other four convictions, and remand for resentencing on the vacated sentences and correction of the record consistent with this opinion.

I. BACKGROUND[2]

Ramirez pleaded no contest in March of 2024 to seven felony charges of sexually abusing M.D., his step-granddaughter.  The charges included forcible sodomy (CR22000801-00); aggravated sexual battery (CR22000802-00); taking indecent liberties with a child under the age of 15 (CR22000803-00); attempted object sexual penetration (CR22000804-00); taking indecent liberties with a child by a person in a custodial or supervisory relationship (CR22000811-00); crime against nature (sodomy with a family member) (CR22000813-00); and attempted forcible sodomy (CR22000814-00).  The trial court accepted the plea agreement and convicted Ramirez on each of the seven charges, finding that he made his plea "voluntarily with an understanding of the nature of the charges and the consequences of the plea[.]"

---

[2] "On appeal, we recite the facts 'in the "light most favorable" to the Commonwealth, the prevailing party in the trial court.'"  *Konadu v. Commonwealth*, 79 Va. App. 606, 609 (2024) (quoting *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022)).  "Doing so requires that we 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'"  *Id.* (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)).

During the sentencing hearing, Ramirez contended that he came from a "broken home," with his alcoholic father largely absent from his life. He also asserted that despite difficulties in school, he earned a G.E.D. and worked to support his family, with his only prior criminal conviction being from a misdemeanor assault in 1999. Ramirez further contended that, although in the "above average range" for recidivism "for female children to whom he already ha[d] access," he was in the "below average range for the general population" concerning the risk of reoffending. Although Ramirez initially expressed "remorse[] for what [he had] done," he later denied abusing M.D., explaining that while he "believe[d] something did happen to [M.D.]," "she was told to say somebody else" abused her other than the real perpetrator. However, when pressed by the trial court as to whether he "d[id] it," Ramirez admitted that he committed the offenses.

During sentencing, Ramirez requested that the trial court impose a ten-year active sentence within the recommended sentencing guidelines while the Commonwealth sought a life sentence because of M.D.'s age and because she had "trusted [Ramirez] as a family member." The trial court subsequently sentenced Ramirez to 100 years' incarceration, with 50 years suspended, for forcible sodomy; 20 years, all suspended, for aggravated sexual battery; 10 years, all suspended, for taking indecent liberties with a child under the age of 15; 100 years' incarceration, with 50 years suspended, for attempted object sexual penetration; five years, all suspended, for taking indecent liberties with a child by a person in a custodial or supervisory relationship; 20 years, all suspended, for the crime against nature conviction; and 100 years' incarceration, with 50 years suspended, for attempted forcible sodomy. In sum, the trial court

- 3 -

sentenced Ramirez to 355 years' total incarceration, 205 years suspended, and 138 years' supervised probation, all sentences to run consecutively. Ramirez appealed.[3]

After filing his transcript for appeal, Ramirez informed the court that "the recording of [the March 21, 2023 plea] hearing ha[d] been damaged or destroyed and is otherwise unavailable, rendering it impossible to retrieve a transcript from that hearing." He then filed a written statement of facts in lieu of a transcript. His proposed statement of facts recited the details of the various charges against Ramirez, the details of the Commonwealth's proffer of evidence, and the trial court's plea colloquy with Ramirez. The trial court signed the statement of facts on April 26, 2024, with the following hand-written caveat: "The Court certifies pursuant to Rule 5:11 that this [s]tatement is incomplete because it does not constitute an accurate record of the plea hearing, sentencing hearing or evidence considered by the Court in sentencing." In response, Ramirez moved for a hearing to certify the written statement of facts, which occurred on May 7, 2024. No further corrections were made to the statement of facts.

## II. ANALYSIS

### A. *Standard of Review*

"The legal effect of a court order is a question of law, and we review such issues de novo on appeal." *Burwell's Bay Improvement Ass'n v. Scott*, 277 Va. 325, 329 (2009). This standard also applies to sentencing orders. *See Grafmuller v. Commonwealth*, 290 Va. 525, 529 (2015) (applying de novo review to an appeal regarding whether an "original sentence exceeded the statutory maximum"). Further, "[c]riminal sentencing decisions . . . are vested in the sound discretion of trial judges, not appellate judges." *Sheets v. Commonwealth*, 80 Va. App. 706, 719 (2024) (second alteration in original) (quoting *Minh Duy Du v. Commonwealth*, 292 Va. 555, 563 (2016)). "When

---

[3] Ramirez noted his appeal on February 14, 2024, six days after the trial court entered the sentencing order.

exercising its discretionary power . . . the trial court 'has a range of choice, and its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.'" *Id.* (alteration in original) (quoting *Minh Duy Du*, 292 Va. at 563-64). "Given this deferential standard of review, we will not interfere with the sentence so long as it was within the range set by the legislature for the particular crime of which the defendant was convicted." *Id.* (quoting *Fazili v. Commonwealth*, 71 Va. App. 239, 248 (2019)).

B. *Three of Ramirez's sentences are void ab initio for exceeding the sentencing maximum.*

Ramirez contends that, on two of his convictions, the trial court sentenced him to terms of imprisonment exceeding the maximum sentence set by the legislature. The Attorney General both joins Ramirez in his contention and identifies a third conviction for which the trial court imposed a sentence exceeding the statutory maximum. In reviewing the record, we agree with the parties that these three sentences are void.

"The General Assembly 'has the power to define criminal punishments without giving the courts any sentencing discretion.'" *Heart v. Commonwealth*, 75 Va. App. 453, 461 (2022) (quoting *Lilly v. Commonwealth*, 50 Va. App. 173, 188 (2007)). "Whether specifically set penalties or ranges of penalties, the setting of the appropriate potential punishments is wholly a legislative function." *Garrett v. Commonwealth*, No. 1931-16-1, slip op. at 8 (Va. Ct. App. Sept. 5, 2017).[4] "The role of the judicial branch is to evaluate individual cases and offenders in order to discern the appropriate sentence for each offense from the menu of choices provided by the General Assembly." *Id.* This result is consistent with the fact that the policy decisions of the General Assembly, including those pertaining to criminal sentencing, are subject to, and properly evaluated

---

[4] "Unpublished opinions, although not binding, may be cited as 'informative' and 'considered for their persuasive value.'" *Osman v. Commonwealth*, 76 Va. App. 613, 653 n.23 (2023) (quoting *Otey v. Commonwealth*, 61 Va. App. 346, 350 n.3 (2012)); Rule 5A:1(f).

by, the political will of the citizens of the Commonwealth of Virginia, *Williamson v. Old Brogue, Inc.*, 232 Va. 350, 354 (1986) ("The decision reached by the chosen representatives of the people reflects the will of the body politic." (quoting *Bruce Farms, Inc. v. Coupe*, 219 Va. 287, 293 (1978))), and "[t]here is no inherent judicial power to fix terms of imprisonment," *Jones v. Commonwealth*, 293 Va. 29, 49 (2017). Thus, "[o]nce a court has entered a judgment of conviction of a crime, the question of the penalty to be imposed is entirely within the province of the [General Assembly], and the court has no inherent authority to depart from the range of punishment legislatively prescribed." *Woodard v. Commonwealth*, 287 Va. 276, 280 (2014) (alterations in original) (quoting *Starrs v. Commonwealth*, 287 Va. 1, 9 (2014)).

"Objections to void ab initio judgments may be raised by any party in the case at any point during a valid direct or collateral proceeding where the voidness of the order is properly at issue, including by a court for the first time on appeal." *Hannah v. Commonwealth*, 303 Va. 106, 120 (2024). And any "sentence imposed in violation of a prescribed statutory range of punishment is void ab initio because 'the character of the judgment was not such as the [c]ourt had the power to render.'" *Rawls v. Commonwealth*, 278 Va. 213, 221 (2009) (quoting *Anthony v. Kasey*, 83 Va. 338, 340 (1887)). Indeed, "a sentencing order deemed void ab initio . . . is a 'complete nullity' which, in the eyes of the law, does not exist at all." *Jones*, 293 Va. at 53 (quoting *Grafmuller*, 290 Va. at 528 n.1).

In this case, the "[t]he Commonwealth has confessed error and agrees" with Ramirez "that [his] [sentences] must be vacated" for his convictions in CR22000804-00 and CR22000814-00, as well as his conviction in CR22000813-00, in which the Commonwealth has confessed error as to the sentence. *Bishop v. Commonwealth*, 275 Va. 9, 16 (2008). "Even so, 'such a confession does not relieve this Court of the performance of the judicial function. The considered judgment of the law enforcement officers that reversible error has been committed is entitled to great weight, but our

judicial obligations compel us to examine independently the errors confessed.'" *Copeland v. Commonwealth*, 52 Va. App. 529, 532 n.3 (2008) (internal citations omitted) (quoting *Young v. United States*, 315 U.S. 257, 258-59 (1942), and citing *Gibson v. United States*, 329 U.S. 338, 344 n.9 (1946)). "We have no obligation to accept concessions of error, and, to be sure, we would never do so if the issue were a pure question of law," *id.* at 531-32, with the gravamen for this position being that "the law applies to all alike [and] cannot be subordinated to the private opinions of litigants," *id.* at 532 (quoting *Logan v. Commonwealth*, 47 Va. App. 168, 172 (2005) (en banc)). Thus, we must nevertheless review the record to confirm if the parties are correct in identifying the asserted error.

Here, when analyzing two of the sentences Ramirez received based upon the charges he was indicted for, it is clear those sentences were void ab initio as a matter of law. In CR22000814-00, the grand jury indicted Ramirez for an attempted violation of Code § 18.2-67.1(A)(1), forcible sodomy where "[t]he complaining witness is less than 13 years of age." Code § 18.2-67.1(B)(2) provides that "[f]or a violation of subdivision A1 where it is alleged in the indictment that the offender was 18 years of age or older at the time of the offense, the punishment shall include a mandatory minimum term of confinement for life." In CR22000804-00, the grand jury indicted Ramirez for attempting to violate Code § 18.2-67.2(A)(1), object sexual penetration where "[t]he complaining witness is less than 13 years of age." Code § 18.2-67.2(B)(2) provides that "[f]or a violation of subdivision A1 where it is alleged in the indictment that the offender was 18 years of age or older at the time of the offense, the punishment shall include a mandatory minimum term of confinement for life."[5] From examining the plain text of the statute, the life imprisonment penalties

---

[5] The sentencing order erroneously describes these as completed offenses, rather than as attempts. We also note that the conviction order, amended conviction order, and addendum likewise fail to characterize these offenses as attempts. To the extent any prejudice exists from these errors, we find it to be cured by the directives found in the remainder of this opinion. *Cf.*

are for the *completed* offenses. However, Ramirez was convicted only of *attempting* those offenses. Code § 18.2-67.5(A) provides that "[a]n *attempt* to commit . . . forcible sodomy, or inanimate or animate object sexual penetration shall be punishable as a Class 4 felony." (Emphasis added). And per Code § 18.2-10(d), the penalty for this offense is "a term of imprisonment of not less than two years nor more than 10 years and . . . a fine of not more than $100,000." Thus, it is clear from our analysis that the trial court exceeded its authority when it sentenced Ramirez to 100 years in prison, with 50 years suspended, for each of these offenses, by imposing a sentence in excess of the maximum prescribed by the legislature for the *attempted offense*.

Further, as the Commonwealth points out in its brief, the trial court also imposed a void ab initio sentence in CR22000813-00. In that case, the grand jury indicted Ramirez for "caus[ing] to be performed fellatio by M.D., his step-grandchild who is less than 13 years of age, upon himself in violation of § 18.2-361."[6] The trial court sentenced Ramirez to 20 years, all suspended, for that offense. Code § 18.2-361(B) classifies this offense as a Class 5 felony, except in the case of "a parent or grandparent [who] commits any such act with his child or grandchild" where "such child or grandchild is at least 13 but less than 18 years of age at the time of the offense," in which case "such parent or grandparent is guilty of a Class 3 felony." Class 3 felonies are punishable by "a term of imprisonment of not less than five years nor more than 20 years," Code § 18.2-10(c),

---

Rule 3A:6(a) ("Error in the citation of the statute or ordinance that defines the offense or prescribes the punishments therefor, or omission of the citation, will not be grounds for dismissal of an indictment or information, or for reversal of a conviction, unless the court finds that the error or omission prejudiced the accused in preparing his defense."). However, on remand, the trial court should "correct[] the clerical error[s] in the trial court's final order" and other orders. *Tatum v. Commonwealth*, 17 Va. App. 585, 592 (1994).

[6] Code § 18.2-361(B) proscribes "[a]ny person" from "perform[ing] or caus[ing] to be performed cunnilingus, fellatio, anilingus, or anal intercourse upon or by his daughter or granddaughter, son or grandson, brother or sister, or father or mother." Code § 18.2-361(C) provides that "[f]or the purposes of this section, parent includes step-parent, grandparent includes step-grandparent, child includes step-child, and grandchild includes step-grandchild."

consistent with the sentence that the trial court imposed. However, M.D. was less than 13 years old, thus falling outside the age range for which conviction of a Class 3 felony is available. As such, Ramirez was guilty of a Class 5 felony upon conviction, punishable by "a term of imprisonment of not less than one year nor more than 10 years, or in the discretion of the jury or the court trying the case without a jury, confinement in jail for not more than 12 months." Code § 18.2-10(e). Thus, the trial court exceeded its authority on this charge by imposing a sentence exceeding the sentence authorized by the General Assembly.

In sum, the three identified sentences were imposed in excess of the statutory maximum. As a consequence, these sentences are void ab initio, making them "'complete nullit[ies]' which, in the eyes of the law, do[] not exist at all." *Jones*, 293 Va. at 53 (quoting *Grafmuller*, 290 Va. at 528 n.1). Therefore, we vacate the sentences as to these three charges and remand these cases to the trial court for resentencing.

C. *The trial court did not abuse its discretion when sentencing Ramirez on his other charges.*[7]

In his third assignment of error, Ramirez asserts that "[t]he trial court erred by abusing its discretion in sentencing [him] to 355 years of incarceration, with 205 years suspended, with an active sentence of 150 years." In his view, the trial court imposed a harsh sentence "despite the record showing that he could have been rehabilitated through treatment and probation." Ramirez argues that numerous extenuating and mitigating factors supported his position at his sentencing hearing before the trial court, where he asked for a sentence of 10 years' incarceration, and he raises them again here.[8] We disagree.

---

[7] As we find that the record before this Court is sufficient to address Ramirez's sentencing challenges, we decline to address his final assignment of error as moot.

[8] Reciting various hardships and difficulties that he has endured throughout his life, Ramirez asserts that he "became a productive person" despite them, "ma[king] it to adulthood

- 9 -

"Criminal sentencing decisions . . . are vested in the sound discretion of trial judges, not appellate judges." *Sheets*, 80 Va. App. at 719 (alteration in original) (quoting *Minh Duy Du*, 292 Va. at 563). "When exercising its discretionary power . . . the trial court 'has a range of choice, and its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.'" *Id.* (alteration in original) (quoting *Minh Duy Du*, 292 Va. at 563-64). And "a trial court 'clearly' acts within the scope of its sentencing authority 'when it chooses a point within the permitted statutory range' at which to fix punishment." *Minh Duy Du*, 292 Va. at 564 (quoting *Alston v. Commonwealth*, 274 Va. 759, 771 (2007)).

Here, Ramirez was convicted on seven charges. Setting aside the three charges for which the trial court imposed void ab initio sentences discussed above, four charges remain. In CR22000801-00, Ramirez was indicted for violating Code § 18.2-67.1, forcible sodomy. As originally indicted, he was charged with sodomy against a victim under the age of 13 while the offender was over 18 years old. Per Code § 18.2-67.1(B)(2), this would carry a mandatory minimum sentence of life imprisonment. Pursuant to the terms of the plea agreement, the indictment was amended to a charge of violating Code § 18.2-67.1 without reference to the disparity of age between Ramirez and his victim. As set forth in the amended indictment, this offense is "punishable by confinement in a state correctional facility for life or for any term not less than five years." Code § 18.2-67.1(B). The trial court sentenced Ramirez to a term of 100 years in prison

---

with a minimal criminal record." This, he argues, "shows that [he] was willing to do hard work to overcome difficulties in his life." He also points out that the psychosexual report submitted to the trial court characterized him as "present[ing] a below-average risk of committing similar acts against the general population," "recommended treatment options that would address . . . [the] risk of recidivism," and described him as "not 'incapable of rehabilitation.'" "The trial court failed to properly weigh . . . Ramirez's fitness for rehabilitation," he argues, "when it sentenced him to serve" what he characterizes as "a de facto life sentence," because in his view "[t]he record shows that this sentence did not 'fit' . . . Ramirez." *See McClain v. Commonwealth*, 189 Va. 847, 860 (1949).

with 50 years suspended, for an active term of incarceration of 50 years—a sentence within the range specified by the statute.

Similarly, in CR22000802-00, Ramirez was convicted of violating Code § 18.2-67.3, aggravated sexual battery. "Aggravated sexual battery is a felony punishable by confinement in a state correctional facility for a term of not less than one nor more than 20 years." Code § 18.2-67.3(B). The trial court sentenced Ramirez to a term of 20 years in prison, with all 20 years suspended. This sentence is within the range prescribed by the General Assembly.

In addition, in CR22000803-00, Ramirez was convicted of violating Code § 18.2-370, taking indecent liberties with a child. Under this statute, "[a]ny . . . step-grandparent who commits a violation of either this section or clause (v) or (vi) of subsection A of § 18.2-370.1 . . . upon his . . . step-grandchild less than 15 years of age is guilty of a Class 4 felony." Code § 18.2-370(D)(ii). Code § 18.2-370.1(A)(vi) proscribes "[a]ny person 18 years of age or older who . . . maintains a custodial or supervisory relationship over a child under the age of 18" from, "with lascivious intent[,] . . . knowingly and intentionally . . . sexually abus[ing] the child as defined in subdivision 6 of § 18.2-67.10."[9] A Class 4 felony is punishable by "a term of imprisonment of not less than two

---

[9] Code § 18.2-67.10(6) defines "[s]exual abuse" as:

> an act committed with the intent to sexually molest, arouse, or gratify any person, where:
>
> a. The accused intentionally touches the complaining witness's intimate parts or material directly covering such intimate parts;
>
> b. The accused forces the complaining witness to touch the accused's, the witness's own, or another person's intimate parts or material directly covering such intimate parts;
>
> c. If the complaining witness is under the age of 13, the accused causes or assists the complaining witness to touch the accused's, the witness's own, or another person's intimate parts or material directly covering such intimate parts; or
>
> d. The accused forces another person to touch the complaining witness's intimate parts or material directly covering such intimate parts.

years nor more than 10 years." Code § 18.2-10(d). The trial court sentenced Ramirez to 10 years' incarceration on this charge, with all 10 years suspended, a punishment within the statutory range.

Finally, in CR22000811-00, Ramirez was convicted of violating Code § 18.2-370.1, taking indecent liberties with a child by a person in a custodial or supervisory relationship, a Class 6 felony punishable by "a term of imprisonment of not less than one year nor more than five years, or in the discretion of the jury or the court trying the case without a jury, confinement in jail for not more than 12 months." *See* Code § 18.2-370.1(A); Code § 18.2-10(f). The trial court sentenced Ramirez to five years in prison, with all five years suspended, a term within the statutory range prescribed by the General Assembly.

Hence, for all the charges not involving a void ab initio sentence as aforementioned, the trial court imposed sentences within the statutory range. Thus, the trial court acted "clearly . . . within the scope of its sentencing authority" in doing so. *Minh Duy Du*, 292 Va. at 564 (quoting *Alston*, 274 Va. at 771). "[O]nce it is determined that a sentence is within the limitations set forth in the statute under which it is imposed, appellate review is at an end." *Barrow v. Commonwealth*, 81 Va. App. 535, 543 (2024) (alteration in original) (quoting *Thomason v. Commonwealth*, 69 Va. App. 89, 99 (2018)). Therefore, we decline to disturb these sentences.

III. CONCLUSION

For the foregoing reasons, the judgment below is affirmed in part, the trial court's sentence is vacated in part, and the case is remanded for resentencing and correction of the record consistent with this opinion.

*Affirmed in part, vacated in part, and remanded.*